Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN JANSCHEWSKY, Respondent, for Compensation under the Workmen's Compensation Law, *v.* E. W. BLISS COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, July 7, 1921.

Workmen's Compensation Law — injury arising out of and in course of employment — claimant assaulted by fellow-workman while preparing to begin work — assault not instigated by claimant — award affirmed.

The claimant received an injury arising out of and in the course of his employment where it appeared that, while he was looking for his shoes and tools preparatory to beginning work, he was assaulted by a fellow-workman following a demand by the claimant on the assailant to return claimant's tools and shoes, though after the assault was commenced the claimant endeavored to defend himself, and an award in his favor should be affirmed.

APPEAL by the defendants, E. W. Bliss Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 14th day of November, 1919, also from an award entered in the office of said Commission on the 7th day of October, 1920, and also from an award and decision entered in the office of said Commission on the 10th day of December, 1920.

*Benjamin C. Loder* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

KILEY, J.:

On December 10, 1920, an award was made to the claimant by the State Industrial Commission, which found as a basis for such award that on March 20, 1919, while claimant was looking for his shoes and tools preparatory to beginning work on that day, he was assaulted by a fellow-workman sustaining the following injuries: Hemorrhage into left eye, aqueous ruptured, cuts on face, and fracture of the frontal bone of skull. The award was not unanimous. The appellants oppose the conclusions of the Commission upon the ground that the accident did not arise out of nor in the course of his employment. (See Workmen's Compensation Law, § 10; Id. § 3, subd. 7, as amd. by Laws of 1917, chap. 705.) The facts, briefly, are as follows: The claimant was a skilled mechanic, a Russian, his fellow-workmen were Poles. On account of his superior skill as a mechanic he was able to earn much more per week than they; they were jealous. On the day in question, a few minutes before beginning work, he went to his usual place to change his shoes and get his tools. Near him was a Polish workman who worked at the same place; this man had taken tools belonging to claimant before, and claimant said to him that he had better bring back the tools and shoes or he would report him; and while he was bent over looking for them, his fellow-workman pushed him and they clinched, a struggle followed, and he received the injuries described in the findings of the Commission. Claimant was assaulted with a piece of steam pipe.

The evidence warrants the conclusion that this claimant

did not commence the assault; that he was getting ready, on the premises where he was employed, to take his place at the bench; he was looking for his tools and shoes, used by him in his master's business when he was assaulted.    I cannot escape the conviction that this case comes within the decisions made by the Court of Appeals in *Matter of Verschleiser* v. *Stern & Son* (229 N. Y. 192); *Matter of Leonbruno* v. *Champlain Silk Mills* (Id. 470); *Carbone* v. *Loft* (219 id. 579).

The award should be affirmed.

Award unanimously affirmed.