# Shickley, Appellant, *v.* Philadelphia & Reading Coal & Iron Co.

*Workmen's compensation—Referee's findings—Conclusions of law—Referee's findings of fact accepted, but conclusions of law reversed—"Premises."*

1. Where all the material underlying facts found by the referee, under the Workmen's Compensation Act, are accepted by the Compensation Board but that body draws a conclusion of law therefrom different from that of the referee, the award of the referee is properly set aside.

2. In such case the finding of the referee is not a finding of fact, but a conclusion of law from the facts found.

3. The word "premises" as used in the Compensation Act cannot be enlarged in its meaning and application so as to include land or property outside of that used in connection with the actual premises where the employer carries on the business in which the employee is engaged when injured.

4. It seems that no liability arises under the Workmen's Compensation Act, where an employee injured off his employer's premises, worked thereon after his injury and this aggravated the condition caused by the accident.

*Appeals—Point not raised in court below—Statement of questions involved.*

5. A point not raised in the court below nor suggested in the statement of questions involved, will not be considered on appeal.

Argued May 8, 1922. Appeal, No. 291, Jan. T., 1922, by plaintiff, from order of C. P. Northumberland Co., Sept. T., 1920, No. 126, affirming decision of Workmen's Compensation Board, in case of Annie Shickley v. Philadelphia & Reading Coal & Iron Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board.  Before CUMMINGS, P. J.

The opinion of the Supreme Court states the facts. Decision affirmed.  Claimant appealed.

*Error assigned,* inter alia, was order, quoting record.

*Roger J. Dever,* for appellant.—The facts as found by the compensation referee are final and conclusive on the Workmen's Compensation Board, unless the board grants a hearing de novo and finds its own facts: Clark v. Coal Co., 264 Pa. 529; Palmer v. Coal Co., 7 Department Rep. 1496; Tolan v. P. & R. C. & I. Co., 270 Pa. 12.

*Voris Auten,* with him *B. D. Troutman,* for appellee, cited: Stahl v. Watson, 268 Pa. 452; Deane v. P. & R. C. & I. Co., 27 Pa. Dist. R. 730; Kuca v. Coal Co., 268 Pa. 163.

PER CURIAM, May 25, 1922:

Annie Shickley claimed compensation for the death of her husband, Henry Shickley, who was employed by defendant company.  The referee made an award in her favor, which was reversed by the compensation board, and the decision of the latter was affirmed by the court below.  The claimant has appealed.  The questions involved, as stated by the appellant, are: (1) "Can the ......board reverse the findings of fact of the...... referee without having granted a hearing de novo?" (2) "Is an accident which happened on the premises of the employer, on a path leading to and from the place at which the employee was employed, and found by the referee to have happened in the course of employment, a compensable accident?"

As to the first question, it is sufficient to say that the controlling point in the case, suggested by the second of the above-stated questions, is one of law and not of fact. All the material underlying facts found by the referee

were accepted by the board, but the latter drew a different conclusion therefrom, determining that, on the facts as found, the place where the accident happened was not part of the premises of the employer within the meaning of that term as used in the act; this—the finding complained of—is a conclusion of law.

The referee found that, on April 20, 1919, Shickley died from a disease of traumatic origin, "probably due to a wrench received on April 7, 1919, aggravated by his continuing at work"; that the accident was caused by the deceased slipping on a loose stone at a spot on a path leading to his place of employment, but at least 900 feet therefrom; that the path in question (though not part of the premises connected with the plant where Shickley was employed, and not maintained or kept in condition by defendant company) was upon property owned by his employer and was habitually used by him and others of defendant's employees, there being no approach from Mt. Carmel, where Shickley lived, to defendant's mine except by this and other paths, all "on or over" defendant's property. On this state of facts the referee concluded that the path used by Shickley "was a part of the premises of defendant" and that the accident "was due to the condition of the premises"; therefore, he made the award. In reversing, the board states: "There is a distinction between the word 'premises,' as used in the act, and the word 'property,' and the word premises cannot be enlarged in its meaning and application so as to include land or property [outside of that used in connection with the actual premises where the employer carries on the business in which the employee is engaged]......Therefore, the mere fact that defendant company owned the land on which decedent was injured is not sufficient to establish the right of compensation......When we speak of the 'premises' in this case, as they are contemplated in the statute, we mean the Alaska Colliery, where decedent was employed......When decedent was injured he had not reached the actual scene of his em-

ployment but was at least [900] feet therefrom; he was on a path not maintained by defendant company, but which passes over land owned by it......We are unable to conclude that decedent was injured on his employer's premises within the meaning of the act."

We agree with the above conclusion, and need add only that the other point sought to be raised,—viz: albeit the accident did not happen on the employer's premises, yet, Shickley having worked on such premises after his fall and this having aggravated the condition caused by the accident, a liability arises under the act,—is not suggested by the statement of questions involved, nor, so far as the record shows, was it depended upon at any prior stage of this case; moreover, we are not impressed that, on the facts here shown, it has merit.

The assignments of error are overruled and the judgment is affirmed.