## Meucci v. Gallatin Coal Co. et al., Appellants.

*Workmen's compensation—Premises of employer — Assault by other employee—Quarrel in connection with employment.*

1. The word "premises" as meant by the Compensation Act, does not include all property owned by the employer, but embraces that used in connection with the actual place of work where the employer carries on the business in which the employee is engaged.

2. It may cover a public road used and maintained by the employer for the operation of his business and affairs.

3. Proof that property is employed by the employer in the conduct of its affairs is not enough by itself; the claimant must further show that his presence therein at the time of the injury was required by the nature of his employment.

4. Where a miner is struck and injured by the foreman in a quarrel growing out of a dispute as to the number of cars taken out by claimant, the injury occurs in the course of the employment and is compensable.

Argued October 18, 1923. Appeal, No. 12, Oct. T., 1923, by defendants, from judgment of C. P. Allegheny Co., Oct. T., 1922, No. 548, affirming decision of Workmen's Compensation Board, in case of Alfred Meucci v. Gallatin Coal Company et al. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board which confirmed award of referee. Before STONE, J.

Decision affirmed. Defendant appealed.

*Errors assigned* were dismissal of exceptions to decision of board.

*J. D. Darragh*, with him *Frank P. Martin*, for appellants, cited as to quarrel: Cawley v. Ry. Express, 276 Pa. 160.

*Edward O. Tabor,* of *McCahill, McCahill & Tabor,* for appellee, cited: Callihan v. Montgomery, 272 Pa. 56.

OPINION BY MR. JUSTICE SADLER, January 7, 1924:

Defendant and its insurance carrier have appealed from an award of compensation to claimant, Meucci, for the loss of an eye. The right to any judgment is denied because, it is averred, the accident did not take place on the premises of the employer, and, further, was the result of a personal altercation between plaintiff and his foreman.

Facts found by the referee, approved by the board and court below, show the Gallatin Coal Company operated a mine, and employed one Crompton as boss, and Meucci as a miner. Its entrance was on the hillside with the tipple below, partly constructed on a township road, used by the company for its business purposes in loading and unloading, and kept in repair and maintained by it. On September 11, 1920, a dispute arose as to the number of cars taken out by the claimant, he insisting on credit for thirty-three instead of thirty, as indicated by the foreman's record. Words ensued in the morning, but the discussion was abandoned for the time, and Meucci remained at his work in the mine until afternoon. He came from the shaft between two and three o'clock to await the disappearance of smoke caused by the blasting within, but had not terminated his task for the day. The foreman was then on the roadway beside the tipple, and called for Meucci to come down. When he did so, further argument followed as to the amount due for coal mined, and, in its course, Crompton used offensive language, whereupon he was struck by claimant, and, in turn, hit the latter, knocking him down, causing a loss of the sight of his only remaining eye. It was for this injury compensation was given.

The first objection to an allowance rests on the assertion that the accident took place on the highway, and not on the property of the company. The referee found the

fight to have been "on the public road used and maintained by the defendant for the operation of its business and affairs," and, in so holding, he was amply justified by the evidence. The word "premises," as appearing in the compensation act, does not include all property owned by the employer, but does embrace that used in connection with the actual place of work where the employer carries on the business in which the employee is engaged: Tolan v. P. & R. C. & I. Co., 270 Pa. 12. This principle was later recognized in Shickley v. P. & R. C. & I. Co., 274 Pa. 360, though recovery was there denied on the facts appearing. Proof that the property was employed by defendant, in the conduct of its affairs, is not enough by itself, however, to justify an award, and the claimant must establish his presence thereon at the time of injury was required by the nature of his employment (Rotolo v. Punxsutawney Furnace Co., 277 Pa. 70), a burden which was successfully met in the present case.

There must be considered, further, whether the injury to Meucci was "caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee, or because of his employment," (Act June 2, 1915, P. L. 736, article III, section 301), for, if the accident is attributable to an assault, the result of enmity existing between those engaged, apart from the service, there can be no recovery under the terms of the act: Cawley v. American Express Co., 276 Pa. 160. In that case, the dispute arose concerning a matter having no connection with the employment, and while the workmen were on the way from work, though still on the company's property. Here, the referee has found the claimant lost the use of his right eye from a blow of the foreman "directed against him because of his employment, and not for personal reasons, and that the accident occurred upon the premises occupied by the defendant." In the proof of the latter fact, this case is

distinguished from Maguire v. Lees & Sons Co., 273 Pa. 85, the quarrel there relating to a matter connected with the master's business, yet the assault did not occur on property where the presence of the employee was required by the nature of the employer's affairs, but after working hours on a public street, 500 feet distant.

The burden rested on defendant to show the claim came within the exception to liability, as defined by the act, and that the injury resulted from an attack arising from personal difficulties (Keyes v. N. Y., O. & W. Ry. Co., 265 Pa. 105; O'Rourke v. O'Rourke, 278 Pa. 52), and this it failed to meet. On the contrary, it clearly appeared the quarrel developed from the claim of payment for labor performed, the amount of which was in dispute. That anger was excited by the controversy between those engaged is doubtless true, but the trouble had its origin in the service, and was therefore compensable, the attack having been upon property used by the company in the carrying on of the particular business. It is to be kept in mind that it is not necessary to hold the accident arose from the employment, but the claim is compensable if shown to have occurred in the course thereof, other essential requirements of the act being proven: Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454.

Under circumstances such as here appear, awards have frequently been made by our compensation board, but the only appellate cases, where the right to recover for injuries so occasioned is discussed, are those hereinabove cited, at least as far as we have been able to discover. Similar facts appear in Lawton v. Diamond Coal & Coke Company, 272 Pa. 74, the decedent having been killed with a knife during a controversy, but the decision, affirming an award, turned on another question. In other states, though the compensation acts are more stringent in their requirements, recoveries have been sustained where the disputes as to working

conditions, or claims, as here, led to the fight which ended in harm: Taylor Coal Co. v. Industrial Commission, 301 Ill. 548, 134 N. E. 172; Verschleiser v. Joseph Stern & Son, 229 N. Y. 192, 128 N. E. 126; Janschewsky v. Bliss Co., 189 N. Y. Supp. 154. It follows from what has been said that the proper conclusion was reached by the referee, board and court below in holding the claim to be compensable.

The judgment is affirmed.