## Humbert, Appellant, *v.* Philadelphia & Reading Coal & Iron Co.

*Workmen's compensation—Injuries on property of employer—Premises of employer.*

In a claim under the Workmen's Compensation Law it appeared from the testimony that claimant was injured by a fall occasioned by his slipping on a stone in the path across property owned by his employer. The employee was accustomed to use the path as a short cut from his work to his home and the accident occurred at a point almost 1000 feet from the place of employment.

Where, in such case, the evidence failed to show that this path lay on the premises where his employer carried on the business in which the claimant was employed, or that his presence on the path was required by the nature of his employment, the award of compensation was properly refused.

The word premises cannot be enlarged in its meaning and application so as to include land or property outside of that used in connection with the actual premises where the employer carries on his business in which the employee was engaged. The mere fact that the employer owned the land in which claimant was injured does not establish the right of compensation.

Argued March 13, 1928. Appeal No. 12, October T., 1927, by plaintiff from judgment of C. P., Schuylkill County, No. 139, September T., 1925, in the case of W. F. Humbert v. The Philadelphia and Reading Coal and Iron Company. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Appeal from an award of the Workmen's Compensation Board. Before KOCH, J.

The facts are stated in the opinion of the Superior Court.

The court vacated the award. Plaintiff appealed.

*Error assigned* was the order of the court.

*Richard J. Dever,* for appellant.—The injury occurred on the employer's premises and was in the

course of employment: Gane v. Norton, Hill Colliery
Company, 2 B. W. C. C. 42; Haskins v. Lancaster, 3
B. W. C. C. 476; Mary Watson v. Pittsburgh Coal
Company, Opinion by Judge Davis, 3 Department Reports 1539; Hotaling v. Standard Oil Co., 3 New York
State Department Reports 308; Lyons v. Peoples Savings Bank, 251 Pa. 569; Wilmarth v. Cardoza, 176
Federal Reporter 1.

*George Ellis,* and with him *John F. Whalen,* for appellee.—The word premises is confined to the property
of the employer actually used in carrying on the business: Shickley v. Philadelphia & Reading Coal and
Iron Company, 274 Pa. 360.

Opinion by Trexler, J., April 16, 1928:

The Referee and the Workmen's Compensation
Board awarded compensation to the plaintiff. The
lower court sustained the exceptions and the award of
compensation was vacated; the plaintiff appealed to
this court. The facts found by the Compensation
Board were as follows: The claimant, on July 30,
1924, was in the employ of the defendant company as
an engineer in No. 4 engine house of the West Brookside Colliery. He finished his shift at 7 o'clock A. M.,
left the engine house and proceeded by way of a path
down the mountain side toward his home. While walking on this path, his foot twisted out when he stepped
on a stone and an injury ensued. The path on which
the claimant fell is one of many customarily used by
a number of the defendant's employees to go from
West Brookside Colliery to their homes. The distance
from the colliery to the claimant's home by this path
is approximately half the distance by way of the team
road leading to the colliery. The place where the
claimant fell is on property of the defendant company.
Some years ago, the company maintained a road from
Hand Street, Tower City, to the colliery proper. This

road was abandoned prior to the accident and a new
road was built to take its place, the new road leading
over an easier grade, from Tenth Street, Tower City,
to the colliery. The abandoned road and the new road
join about 900 feet from the engine house where the
claimant worked; one traveling to Tower City from
the engine house may go down the new road to the
point where it joins the abandoned road and then fol-
low the abandoned road, or it is possible to cut across
from one road to the other by paths. On the day of
the accident, the claimant cut across to the abandoned
road over a path. He fell after he crossed the aban-
doned road and while on a path which eliminates a
turn in the abandoned road and meets it again farther
down the hill toward Tower City. At the point where
the claimant fell was a pumphouse, which has been
abandoned and demolished, and north of the place
where he fell, and a little north of the abandoned road,
is a cinder bank which is still used in the operation
of the colliery. The place where the claimant fell is
about 800 feet in a direct line from the engine house
where he worked and about 1050 feet from the southern
boundary of the defendant's property line. The path
on which the claimant fell is not and never was main-
tained by the defendant company. From these facts
the Board found that the surrounding property is
premises of the defendant company, occupied by and
under the control of the defendant and on which its
business was carried on, that the claimant's presence
on these premises was required by the nature of his
employment, and his injury was caused by the condi-
tion of the premises. The path on which the claimant
fell having been part of the premises of the defendant,
he was in the course of his employment at the time of
the accident.

The lower court held that the finding above set forth,
"that the surrounding property is premises of the
defendant company, occupied by and under the control

of the defendant and on which its business was carried on'' was not sustained by any evidence. The case had been before the lower court and had been referred back to the Compensation Board for more specific findings of fact. Upon the hearing de novo, two witnesses were examined; one testified that the buildings of the West Brookside Colliery were a breaker, saw mill, stable, engine house, supply house and wash house; that the buildings are about one thousand feet from the place where the claimant fell. There is (as stated before) a public road leading to the colliery, but that the employees practically all walk home on account of being down hill, that there are more than a hundred paths along the hillside and everybody that lives in a certain locality uses the path that will take him to it. None of these paths are maintained and are never used for the colliery operations. The other witness testified substantially to the same facts; the paths are down a steep mountain side, over rugged mountain land. The lower court held that neither the Referee or the Compensation Board stated any fact which would bear the conclusion that the path upon which the claimant fell was maintained by the company and that it was responsible for its condition or that the path was a path on the colliery premises upon which the employer's business or affairs were being carried on. We are of the same opinion. In the case of Shickley v. P. & R. I. & C. Co., 274 Pa. 360, the facts are very much like those before us. There, the accident was caused by the deceased slipping on a loose stone at a spot on a path leading to his place of employment, but at least 900 feet therefrom. The path was not part of the premises connected with the plant where the workman was employed and was not maintained or kept in condition by the defendant company, but was upon property owned by the employer and was habitually used by the employees and others. There being no other approach

from his home to defendant's mines, except by this and other paths, all "on or over" defendant's property. The Referee concluded that the path was part of the premises of defendant and the accident was due to the condition of the premises, but the Board reversed and the Supreme Court affirmed their decision.

We quote from that case "there is a distinction between the word 'premises' as used in the act, and the word 'property,' and the word premises cannot be enlarged in its meaning and application so as to include land or property, outside of that used in connection with the actual premises where the employer carries on the business in which the employer is engaged......Therefore, the mere fact that defendant company owned the land on which decedent was injured is not sufficient to establish the right of compensation......When we speak of the 'premises' in this case, as they are contemplated in the statute, we mean the colliery where decedent was employed."

As stated by the lower court, the claimant is bound to prove his own case and an examination of the evidence does not disclose whether this path lies on ground that is part of the West Brookside Colliery or not and that there is no warrant for finding that the path in question is part of the premises of the defendant company or that Humbert's presence on the path was required by the nature of his employment. See Muecci v. Gallatin Coal Co., 279 Pa. 184; Boscola v. Penna. Coal & Coke Co., 90 Pa. Superior Ct. 456; Palko v. Taylor McCoy Coal & Coke Co., 289 Pa. 401.

The assignments of error are overruled and the judgment is affirmed.