## Black v. Herman et al.

I. B. Rotberg, for plaintiff; H. R. Goshorn, for defendants.

FINLETTER, P. J., Dec. 13, 1928.—The claimant was employed by the defendant as a cutter at the defendant's place of business, which was on the fourth floor of a certain building.

The Chairman of the Workmen's Compensation Board states the facts as follows: "He was injured by slipping upon a platform which was part of the building. Access to the building was over this platform, and it was the only way that persons employed in the building could reach their place of employment. The platform was wet and slippery, and this condition caused the claimant to fall."

As the Chairman also says: "An employee is entitled to compensation, even though not actually engaged in the furtherance of the business of his employer, if he is injured *on the premises* upon which the employer's business is carried on, if the injury is caused by the condition of the premises and if the employee's presence thereon is required by the nature of his employment:" Section 301, Act of June 2, 1915, P. L. 736.

The appellants argue that "the premises" in question in the instant case are the rooms upon the fourth floor of the building, which were rented by the employer, and where his machinery was upon which the claimant worked. They say that the doorway, hallway and stairs leading to the fourth floor were used in common by all the other tenants, and, therefore, cannot be regarded as part of the employer's premises.

We cannot agree with them. The lease is not in evidence, but the fact is evident that the employer was in lawful occupation of the fourth floor, and even without a written lease, he would be entitled to use, by himself and his employees, the means of access to the part of the building occupied by him. The hallways and stairways needed for access are appurtenant to the occupied rooms, and so are part of the leased premises. The only difference between hallways and rooms is that the tenant has exclusive rights over the rooms, while his enjoyment of the approaches is in common with other tenants.

The ways provided by the employer for ingress and egress to the actual place of employment have uniformly been held to be part of the premises: 1 Honnold on Workmen's Compensation, 453.

For example, a ladder giving access to a ship: Moore *v.* Manchester Liners, 79 L. J. K. B. 1175; stairways within the building: Wheeler *v.* Contoocook Mills, 77 N. H. 551; Boody *v.* Company, 77 N. H. 208; Sundine *v.* London, etc., Co., 218 Mass. 1.

In the latter case, claimant was injured while upon stairs, not under the control of the employer, which were the only means available to and from the premises where she was employed, "the means which she was practically invited by her employer to use."

Again, the premises upon the upper floor of a building, where there is no approach, cannot be used as a plant or premises for an employment. The approach, which makes it possible to use it for practical purposes, is a necessary incident to, and, therefore, a part of, the plant or premises. The employer furnishes it as the only means of access to the workshops.

To hold the employer liable for injuries received upon the steps and hallways of the building in which the work is carried on, which may be said to be particularly provided for the use of workmen, does not run counter to the decisions in cases where the injury was received on the street while the employee was on his way to work, such as Maguire *v.* Lees & Sons Co., 273 Pa. 85; or on a private road on the property, but not in the premises used by the employer in his business, as in Boscola *v.* Penn Coal and Coke Co., 90 Pa. Superior Ct. 456, and Shickley *v.* P. & R. C. & I. Co., 274 Pa. 360. Such places are obviously not part of the premises.

But the building itself in which the work is carried on presents a different question. The tenant's right to use of the leased premises gives him right of

access to them and the further right to insist that the landlord maintain the approaches within the building in safe condition. The hallways, stairways and other means of access were, therefore, in the potential control of the tenant, i. e., of the employer.

In Tolen v. P. & R. C. & I. Co., 270 Pa. 12, a private road, used by the employer for transporting materials, was held to be an instrumentality of his business, notwithstanding the public also used it. And in Meucci v. Gallatin Coal Co., 279 Pa. 184, a public road used and maintained by the employer for the operation of his business was regarded as part of "the premises" meant by the Compensation Act. In Shickley v. P. & R. C. & I. Co., 274 Pa. 360, a railroad used jointly by the employer and a third party was recognized as part of "the premises" where the business was carried on, although recovery was denied for other reasons.

We do not, of course, mean that the employer is liable for injury received in the building elsewhere than upon the internal approaches to the leased premises, as in Manor v. Pennington, 180 N. Y. App. Div. 130, and other cases cited in the majority opinion in Ross v. Howieson, 198 N. Y. App. Div. 674, 676. The citation of such cases weakens the authority of the latter case, where a view was taken contrary to our opinion in the instant case.

The same court, however, held that an elevator provided for the common use of numerous tenants was part of the premises of an employer who was tenant of one of the upper floors: Martin v. Metropolitan Life Ins. Co., 197 N. Y. App. Div. 382. It is difficult to see how an elevator provided for common use differs in principle from a stairway.

So that whether because the approaches to a workroom are regarded as appurtenant to the lease, or because they are necessary to any use of the employer's premises and, therefore, part of them, or because the employer may be said to have invited their use by the workmen (all of these reasons have been given as a basis of liability), we are of opinion that they are part of the premises within the meaning of the statute and that the employer is liable for injuries received upon them.

The appeal is, therefore, dismissed.

NOTE.—Syllabus by the Court.