HARRY DOYLE AND ONA DOYLE, APPELLANTS, v. FLOYD ERARD; MARYLAND CASUALTY COMPANY; WILLIAMS BROTHERS, INC.; PANHANDLE EASTERN PIPE LINE COMPANY; AND ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, DEFENDANTS; WILLIAMS BROTHERS, INC. AND ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY, RESPONDENTS.—54 S. W. (2d) 1006.

St. Louis Court of Appeals. Opinion filed December 20, 1932.

*W. L. Cunningham, D. Arthur Walker, Fred G. Leach,* and *Wm. E. Cunningham* for appellants.

*Allen, Moser & Marsalek* for respondents.

386

SUTTON, C.—This is an action under the Workmen's Compensation Act, for compensation for the death of Ernest Doyle, brought by his parents, Harry Doyle and Ona Doyle, who are his dependents.

Ernest Doyle was killed on U. S. highway No. 40, near O'Fallon Junction, in St. Charles County, Missouri, on December 21, 1930, while in the employ of defendant Floyd Erard.

On February 11, 1931, plaintiffs filed with the Missouri Workmen's Compensation Commission their claim for compensation, wherein they named as employers Floyd Erard, Williams Brothers, Inc., and the Panhandle Eastern Pipe Line Company, and named as in-

surers the Maryland Casualty Company and Zurich General Accident and Liability Insurance Company.

The Commission awarded compensation in favor of the plaintiffs against Williams Brothers, Inc., and its insurer, Zurich General Accident and Liability Insurance Company, and discharged the Panhandle Eastern Pipe Line Company, and Floyd Erard, and his insurer, the Maryland Casualty Company.

From this award Williams Brothers, Inc., and its insurer, Zurich General Accident and Liability Insurance Company, appealed to the circuit court. Plaintiffs did not appeal.

The circuit court, upon a hearing of the cause, gave judgment. whereby it reversed the award of the Commission, and ordered that the claim be dismissed. From this judgment plaintiffs have appealed to this court.

In this court, therefore, the case is one between plaintiffs, Harry Doyle and Ona Doyle, and defendants Williams Brothers, Inc., and the Zurich General Accident and Liability Insurance Company, the other defendants named being out of the case as parties.

Defendant Williams Brothers, Inc., was at the time of the injury and death of Ernest Doyle a pipe line contractor, and was engaged in laying or constructing a pipe line through Missouri for the Panhandle Eastern Pipe Line Company, and under contract with said company. This pipe line extended from Texas through Kansas, Missouri, and Illinois, and into Indiana. The work of laying the pipe line was begun in Texas and progressed through the various states named. The Missouri section began at Boonville and appears to have extended through New Franklin, Centralia, Mexico, and Louisiana, Missouri.

In the construction of this pipe line it was necessary for Williams Brothers, Inc., to have certain tanks of oxygen, acetylene, and carbide hauled from manufacturers' warehouses in certain cities to points of actual operation in the laying of the pipe line, and to have the empty containers returned to the warehouses. Williams Brothers, Inc., subcontracted this work to Floyd Erard. The contract specified the respective amounts to be paid Erard per hundred weight for hauling full containers and empty containers, respectively, to and from certain designated points, and with respect to other points provided that the rates should be those fixed by railroads in that locality for hauling in carload lots between the places said hauling was to be done, taking into consideration the difference in the charges made by railroads for hauling full and empty containers. It was agreed that Erard should furnish sufficient trucks, men, and equipment, at the points of distribution to supply the needs of Williams Brothers, Inc., with said materials in laying said pipe line. It was further agreed that all trucking and hauling under the contract by said Erard should be under his sole direction and responsibility;

said Williams Brothers, Inc., to have no control over the men or equipment of said Erard in doing said hauling except to give directions as to the plan of receiving and the place for unloading the goods to be hauled and the time same was to be hauled.

It appears from the undisputed testimony that Erard used his own trucks in doing hauling; that Williams Brothers, Inc., had no control over him, or any of his employees, so far as concerned the method or manner of performing the work that Erard agreed to perform, aside from telling such employees where to place the tanks of acetylene and oxygen; that no one connected with Williams Brothers, Inc., had any right to employ or discharge any of Erard's employees, or authority to instruct Erard or his employees where to drive, what route to take, or what speed to drive in performing his trucking work; that Erard was responsible for the proper hauling of such articles and the same was under his sole direction, but he got his orders from the head man of Williams Brothers, Inc., as to the points of delivery, and as to the foreman from whom the orders would be obtained as to where to place the acetylene, oxygen, and carbide; that these were all of the instructions that Williams Brothers, Inc., ever gave Erard; that aside from the instructions given by the various foremen of Williams Brothers, Inc., to Erard's truck drivers concerning where to get the acetylene, oxygen, and carbide and where to take the same, such foremen or other representatives of Williams Brothers, Inc., would not have anything to say as to what Erard's truckmen should do.

Williams Brothers, Inc., was a major employer, and was operating under the Missouri Workmen's Compensation Act.

The undisputed testimony shows that Erard lived at Pampa, Texas, and that the deceased, Ernest Doyle, was employed by Erard as a truck driver, at Borger, Texas, where he worked about a month before going into other states, including Missouri.

Doyle was paid by Erard five dollars per day for his work, by checks which Erard mailed to him from time to time from Pampa, Texas.

On the day of his injury and death, Doyle was driving one of Erard's trucks on highway No. 40 near O'Fallon Junction, in St Charles County, Missouri. He had passed through O'Fallon Junction shortly before noon of that day on his way to St. Louis hauling empty containers. When injured he was returning to the place where the construction work was in progress near Vandalia, in Audrain County, Missouri. He drove his truck into the rear end of a Chevrolet coach which he was following on highway No. 40, causing the truck to leave the pavement, resulting in his fatal injury.

At the time of Doyle's injury and death, Erard had seven men in his employ, three of them working in Missouri, though during the preceding six months he had at times as many as thirty employees.

He had not accepted the Missouri Compensation Act, but he had accepted the Texas Compensation Act, and carried insurance, on his employees, under the Texas Act, with the Maryland Casualty Company, covering accidents occurring anywhere in the United States. He carried no insurance, however, under the Missouri Act.

It is conceded by all the parties that Erard was a subcontractor under Williams Brothers, Inc., engaged to haul acetylene, oxygen, and carbide tanks, and that Williams Brothers, Inc., had the contract as principal contractor to construct the pipe line for the Panhandle Eastern Pipe Line Company, and the Commission expressly so found.

The gist of the Commission's findings of facts and rulings of law is as follows:

"We further find that Erard was a subcontractor of Williams Brothers, Inc., and he was to do certain hauling necessary in the construction of a pipe line which said Williams Brothers, Inc., had contracted to install for the Panhandle Eastern Pipe Line Company. Therefore, under Section 3308, R. S. of Mo., 1929, Williams Brothers, Inc., are liable as the employer of the deceased. [De Lonjay v. Hartford Accident & Indemnity Co. (Mo. App.), 35 S. W. (2d) 911.] Furthermore, there can be no liability on the part of the Panhandle Eastern Pipe Line Company for the reason Williams Brothers, Inc., carried insurance to cover their liability under the law, Section 3308 (d) R. S. of Missouri, 1929, and it therefore appears that Williams Brothers, Inc., and their insurer, Zurich General Accident and Liability Insurance Company, are liable for the compensation due in this case."

Plaintiffs insist here that Ernest Doyle met his death while employed by Floyd Erard, a minor employer, who had not accepted the Missouri Workmen's Compensation Act, and who was a subcontractor under Williams Brothers, Inc., the principal contractor, and that they are entitled to recover compensation from the defendants for his death as an employee of the subcontractor, under the provisions of section 10 of our compensation act, now section 3308, R. S. Mo. 1929, which makes the principal contractor liable, under certain circumstances, for the injury or death of the employees of his subcontractor. And this is the theory on which the Commission made its award.

Section 3308, so far as pertinent here, reads as follows:

"(a) Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business. . . .

"(c) The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor but such independent contractor shall be deemed to be the employer of the employees of his subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work.

"(d) In all cases mentioned in the preceding subsections, the immediate contractor or subcontractor shall be liable as an employer of the employees of his subcontractors. . . . No such employer shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer."

Defendants say that there is no liability under this section for the reason that Doyle at the time he met his death was not employed on or about the premises where Williams Brothers, Inc., the principal contractor, was doing the work of constructing the pipe line. Plaintiffs say that the section must be liberally construed, and that, under a liberal construction of the section, Doyle was on or about the premises, where the construction work was being done, at the time he met his death.

We agree that the section must be given a liberal construction, but plaintiffs have offered no suggestion as to how the most liberal construction of the section would enable the court to hold that Doyle, when driving a truck on the public highway near O'Fallon Junction, in St. Charles County, was on or about the premises near Vandalia, in Audrain County, where Williams Brothers, Inc., was doing the work of constructing the pipe line. Subsection (c), under which plaintiffs claim the right to compensation, says that the provisions of the section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor, but that such independent contractor shall be deemed to be the employer of the employees of his subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work. The premises mentioned in the last clause of subsection (c), on or about which the employee of the subcontractor must be employed to render the principal contractor liable for the injury or death of the employee, evidently refers to the same premises mentioned in the first clause, that is, the premises upon which improvements are being erected, demolished, altered or repaired by the principal contractor. It is too obvious for discussion that Doyle at the time he met his death was not employed on or about the premises upon which the pipe line was being constructed.

This view accords with all the decisions in other jurisdictions, where similar provisions of compensation acts have been under construction. [Halpin v. Industrial Commission, 319 Ill. 130; Shickley

v. Philadelphia & Reading Coal & Iron Co. (Pa.), 118 Atl. 255; Murphy v. Ludlum Steel Co., 169 N. Y. S. 781; Barclay, Curle & Co. v. Osborne, 3 Session Cases 436; Bell v. Whitton, 1 Session Cases 942; Coylton Coal Co. v. Brown, 7 Session Cases 727; Andrews v. Andrews, 1 Butterworths' Compensation Cases 264; Back v. Dick, Kerr & Co., 8 Workmen's Compensation Cases 40; Fenn v. Miller, 2 Workmen's Compensation Cases 55; Hunter v. American Steel & Wire Co., 293 Pa. 103; Boscola v. Pennsylvania Coal & Coke Co., 90 Pa. Sup. Ct. 456.]

Cobb v. Standard Accident Ins. Co. (Mo. App.), 31 S. W. (2d) 573, cited and relied on by plaintiffs, is not authority here. It is very different on its facts from the present case.

Plaintiffs cite and rely on numerous cases relating to the liability of the immediate employer. These cases are far afield, for it is only essential to the liability of the immediate employer that the injury or death of the employee arose out of and in the course of his employment, whereas the present claim seeks to hold the principal contractor liable to an employee of his subcontractor under the provisions of subsection (c) of section 3308, which makes the principal contractor liable to the employee only when employed on or about the premises upon which the principal contractor is doing the construction work he has contracted to do. In this the thought and purpose of the legislative mind evidently were to lessen the obligations of the principal contractor to employees of subcontractors and make the principal contractor liable only for work done under his more immediate supervision and control.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Haid, P. J.,* and *Becker* and *Daues, JJ.,* concur.