Kerwin, Appellant, *v.* Susquehanna Collieries Co.

Argued March 14, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Roger J. Dever*, for appellant.

*Henry A. Gordon,* and with him *T. G. Wadzinski,* for appellee.

OPINION BY KELLER, J., April 16, 1934:

The appellant was a miner in the employ of the defendant company. He worked on the night shift, starting at 3:30 o'clock in the afternoon. On the afternoon of October 17, 1929, between one and two o'clock, he was hurt while on his way to, and about 300 feet distant from, the washhouse, where he intended to change from his street clothes to his mine clothes. The shaft where he was to work was 400 feet beyond the washhouse. He had been walking on a road passing through defendant's property, and stepped off it to let an automobile pass, and fell, hurting his left side. He claimed and was awarded compensation by the referee, and the award was approved by the board.

The learned president judge of the 52d district, specially presiding in the court below, set aside the award and entered judgment for the defendant on the ground that the record lacked evidence showing that the claimant was, at the time of the accident in the course of his employment or actually engaged in the furtherance of his employer's business, or that the injury was caused by the condition of the employer's premises. The claimant appealed.

The law is settled in this State that an employee who is injured by an accident while off the 'premises' of his employer is not entitled to compensation, unless he is, at the time, actually engaged in the furtherance of his employer's business; and that, in the absence of special circumstances, going to work or returning home from work does not constitute 'actual furtherance of the employer's business': Bossard v. Nallin & Jennings Park Co., 93 Pa. Superior Ct. 301; Cronin v. American Oil Co., 298 Pa. 336, 341, 148 A. 476; Feeney v. Snellenburg & Co., 103 Pa. Superior Ct. 284, 286, 157 A. 379; Palko v. Taylor-McCoy C. & C. Co., 289 Pa. 401, 404, 405, 137 A. 625; and an accident so received is not in the course of employment.

The distinction must also be drawn between 'premises' of the employer and 'property' of the employer. They are not always synonymous. 'Premises' has a narrower meaning than 'property' and means that portion of the employer's land where he carries on the business in which the employee is engaged: Shickley v. Phila. & Reading C. & I. Co., 274 Pa. 360, 118 A. 255. ''The word 'premises' as appearing in the compensation act, does not include all property owned by the employer, but does embrace that used in connection with the actual place of work where the employer carries on the business in which the employee is engaged'': Meucci v. Gallatin Coal Co., 279 Pa. 184, 186, 123 A. 766. To be considered as happening on the premises of the employer the accident must have occurred on property owned, leased or controlled by him and so connected with the business in which the employee is engaged as to form a component or integral part of it: Feeney v. Snellenburg & Co., supra, p. 287; Wiles v. American Oil Co., 105 Pa. Superior Ct. 282, 285, 161 A. 467. A mining company may own a large tract of land on which are erected houses

for its employees, with roads or walks intended for their use in going to and from the mines. An accident to an employee while traveling on such a road or path, simply on his way to or from work, would not be compensable: Boscola v. Penna. Coal & Coke Co., 90 Pa. Superior Ct. 456; Short v. Hughes Coal Co., 96 Pa. Superior Ct. 237; Humbert v. Phila. & Reading C. & I. Co., 93 Pa. Superior Ct. 250; unless he was so close to the actual working place as constructively to be on a part of the 'premises' where he worked: Kasavage v. State Workmen's Ins. Fund, 109 Pa. Superior Ct. 231, 167 A. 473; or he was, at the time, doing something in actual furtherance of the employer's business: Skuaskai v. Phila. & Reading C. & I. Co., 104 Pa. Superior Ct. 25, 29, 159 A. 47. In the Shickley case the accident was caused by the employee slipping on a loose stone in a path, at a point 900 feet from his place of actual employment. In the Boscola case the injury happened on a roadway maintained by the employer 1,000 feet from the tipple of the mine where the employee worked. In the Humbert case the employee fell at a point 800 feet from the engine house where he worked. In none of them was compensation permitted. On the other hand, in the Kasavage case, where compensation was allowed, the employee was only 40 or 50 feet from the mine tipple and directly in front of the shanty where the operating equipment of the defendant's mine was housed, (p. 233); in the Meucci case the employee was hurt on the road directly at the tipple; and in Skuaskai v. Phila. & Reading C. & I. Co., supra, relied on by appellant, the award was affirmed on the ground that the employee, at the time he fell, was actually engaged in the furtherance of his employer's business, in that he was carrying safety lamps, which belonged to the employer and which he was required to use, from the lamp house to the mine.

In the present case the claimant, at the time of the accident, stepped off the road at a point 700 feet from the place where he worked. He was not at the time going directly to his working place. He was on his way to the washhouse to change from his street clothes to his working clothes. He was not, at the time of the accident, ready or prepared to go to work. While the employer was required to supply and maintain the washhouse (Act of June 2, 1891, P. L. 176, Art. VI, sec. 1, p. 188), the employee is not required to use it; it is only furnished for his convenience; and while on his way there to change his clothes the employee is not to be considered as in the course of his employment: Leacock v. Susquehanna Collieries Co., 98 Pa. Superior Ct. 581, 586; Houlehan v. Pullman Co., 280 Pa. 402, 124 A. 640.

Furthermore, the appellant was hurt at least an hour and a half before he was due to work at the mine. No sufficient reason was given by him for being there at that time. While he is considered to be within the course of his employment if on the 'premises' where he is employed a reasonable length of time before the hour fixed to commence his duties, (Carlin v. Coxe Bros. & Co., 274 Pa. 38, 117 A. 405; Feeney v. Snellenburg & Co., supra), an hour and a half is not a reasonable time in the circumstances here shown. In the Carlin case, the claimant was a watchman, who was required by the company to be on the ground between five and five-thirty o'clock, although his active duties began at six o'clock. He was hurt in the neighborhood of five o'clock, and this was held not to be an unreasonable length of time. It does not warrant a ruling that an employee on the premises of his employer an hour and a half before his working time begins is in the course of his employment.

The judgment is affirmed.