Hillibush, Appellant, *v.* Carey, Baxter & Kennedy, Inc. et al.

Argued December 17, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Roger J. Dever,* for appellant.

*S. H. Torchia,* with him *Charles J. Margiotti,* Attorney General and *John T. J. Brennan,* for appellees.

OPINION BY JAMES, J., January 29, 1937:

This is a compensation case. The referee awarded compensation to claimant for the death of her husband, which was affirmed by the compensation board. On appeal to the court of common pleas, the award of compensation was set aside and judgment entered for the defendant, from which judgment claimant has appealed.

The relevant testimony, submitted solely by claimant and her witnesses, established the following facts: On November 4, 1934, Louis Hillibush, husband of the claimant, was in the employ of the defendant company as a night watchman. At the time of the accident, the employer was engaged by the Philadelphia and Reading Coal & Iron Company to test for coal and to determine its depth by the use of drills at locations, designated by the coal company, along the mountainside in the vicinity of Jacksons, Schuylkill County. The defendant employer had located its drill on the mountainside, and to reach it the employer had constructed a road for the use of trucks and other automobiles. Instead of going to his work by the highway constructed by the drilling company, which would have required somewhat longer time, the decedent took a short cut by way of a footpath which was, at places, close to mine breaches. This footpath was not maintained by the employer, nor is there any evidence that the property

traversed by the path was owned by it. Decedent left for his place of employment between 9:30 and 10:00 P. M. on November 4 in apparent good health, and when he did not return the following morning, a search was made and he was found in a mine breach, from which he was taken and removed to a hospital where he died November 10, 1934. The mine breach was more than a quarter of a mile from the location of the drill. The referee concluded: "2. Since decedent sustained an injury by accident upon his employer's premises and caused by the condition of the premises, his presence thereon being required by the nature of his employment, his dependent's are entitled to the benefits of the Workmen's Compensation Act."

The question involved on this appeal has been passed upon in many cases, recent ones being *Feeney v. Snellenburg & Co. et al.*, 103 Pa. Superior Ct. 284, 157 A. 379, and *Kerwin v. Susquehanna Col. Co.*, 112 Pa. Superior Ct. 594, 172 A. 24, where President Judge KELLER cited and discussed many authorities, from which the following principles may be deduced: "The law is settled in this State that an employee who is injured by an accident while off the 'premises' of his employer is not entitled to compensation, unless he is, at the time, actually engaged in the furtherance of his employer's business; and that, in the absence of special circumstances, going to work or returning home from work does not constitute 'actual furtherance of the employer's business' . . . . . . and an accident so received is not in the course of employment.

"The distinction must also be drawn between 'premises' of the employer and 'property' of the employer. They are not always synonymous. 'Premises' has a narrower meaning than 'property' and means that portion of the employer's land where he carries on the business in which the employee is engaged . . . . . . The word 'premises' as appearing in the compensation act,

does not include all property owned by the employer, but does embrace that used in connection with the actual place of work where the employer carries on the business in which the employee is engaged......To be considered as happening on the premises of the employer the accident must have occurred on property owned, leased or controlled by him and so connected with the business in which the employee, is engaged as to form a component or integral part of it ...... A mining company may own a large tract of land on which are erected houses for its employees, with roads or walks intended for their use in going to and from the mines. An accident to an employee while traveling on such a road or path, simply on his way to or from work, would not be compensable ...... unless he was so close to the actual working place as constructively to be on a part of the 'premises' where he worked ...... or he was, at the time, doing something in actual furtherance of the employer's business ......"

The facts in the present case are not as favorable to the claimant as in the cases of *Shickley v. Phila. & Reading C. & I. Co.*, 274 Pa. 360, 118 A. 255; *Humbert v. Phila. & Reading C. & I. Co.*, 93 Pa. Superior Ct. 250; *Short v. Hughes Coal Co.*, 96 Pa. Superior Ct. 237, where compensation was refused. In those cases the land was owned by the employer, while in the present case the location, at which decedent was injured, was not owned, leased or controlled by the employer. Its operations were confined solely to the location it was directed to by the coal company, which at the time of the accident was a quarter of a mile away. As the court below well said: "The place where the decedent was injured was not on the employer's premises as that term is used in the Compensation Act. The only inference which can be drawn from the evidence is that the deceased was on his way to work when he fell into the mine breach. Hence, he was not furthering the in-

terests or affairs of his employer at the time and there is no basis for the conclusion that he was injured while in the course of his employment."

Judgment affirmed.