## Yannick v. Lehigh Valley Coal Company, Appellant.

Argued March 1, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*S. W. Rhoads,* with him *P. F. O'Neill,* for appellant.

*Roger J. Dever,* for appellee.

OPINION BY PARKER, J., April 15, 1937:

The claimant, Adam Yannick, was employed as a contract miner by the defendant at its Spring Mountain Colliery. On October 20, 1932, at the completion of his day's work, he came to the surface and proceeded toward his home. He climbed through a barrier to which was attached a sign bearing the words, "No Trespassing Use Underpass," and then proceeded along the tracks of the Lehigh Valley Railroad Company. While he was attempting to pass between two cars which had been uncoupled and were a few feet apart, the cars were moved by an engine attached to the train, and the claimant was caught between the bumpers resulting in the loss of both hands. The referee and board awarded compensation for total disability and on appeal a court of common pleas affirmed the award, entering judgment for the claimant.

The contentions of the appellant are that the claimant took himself out of the course of his employment by entering on forbidden ground and taking a short cut over a railroad right of way owned and used by the carrier; that the operations on the right of way were not connected with the work which claimant performed; and that, in short, claimant placed himself in the position of a trespasser. We are all of the opinion that the judgment must be reversed on the authority of *Dickey v. Pittsburgh & L. E. R. R. Co.,* 297 Pa. 172, 146 A. 543. Our conclusions are also supported by the cases of *Rotolo v. Punxsutawney Furnace Co.,* 277 Pa. 70, 120 A. 704, and *Morucci v. Susquehanna C. Co.,* 297 Pa. 508, 147 A. 533.

The following facts were found or approved by the board: "Although Claimant and other employees had been warned not to use the route which Claimant chose to use this day in going to his home, it was customary for many of them to do so. They were instructed to leave the premises by another, but longer route, past the wash house, around the engine house, and through an underpass under the Lehigh Valley Railroad tracks. This route was approximately 350 feet while the path Claimant was following was 94 feet. Both routes merged at a point south of the right of way of the Lehigh Valley Railroad in the direction Claimant must take in order to reach his home. Claimant's only means of ingress and egress to the mouth of the slope leading to the mine wherein he was employed, was either to follow the path over the tracks of the Lehigh Valley Railroad Company, as he was attempting to do at the time of the accident, or to use the underpass beneath the tracks of the Lehigh Valley Railroad Company. If he chose the latter route, he would avoid the hazard occasioned by the moving Lehigh Valley trains on their right of way, but would encounter the danger connected with Defendant's transportation over the narrow gauge tracks which ran through the underpass."

The claimant was injured while on his way home after having finished his day's work. We are therefore concerned with the relationship existing between claimant and his employer while claimant was leaving the premises where his service was performed. "In the absence of special circumstances, going to work or returning home from work does not constitute 'actual furtherance of the employer's business' ": *Kerwin v. Susquehanna C. Co.*, 112 Pa. Superior Ct. 594, 596, 172 A. 24. When the employee enters that part of the property where his presence is required, he is engaged in the furtherance of the business of the employer even though he may not be performing the precise task which is the

434

primary purpose of his employment, or be at the precise bench, desk, or other location regularly occupied by him, *Reese v. Penna. R. R. Co.*, 118 Pa. Superior Ct. 112, 116, 180 A. 188. "Of course the employer must provide a reasonably safe way to enter or leave the premises where the employment is carried on. Premises is a narrower word than property; it does not include property outside of that connected with the actual place where the employer carries on the business in which the employee is engaged": *Morucci v. Susquehanna C. Co.*, supra (p. 513).

In the case of *Dickey v. Pittsburgh & L. E. R. R. Co.*, supra, claimant's husband had been employed as a watchman in a carpenter shop in defendant's yard at McKees Rocks and was furnished transportation from his home to a station near the place where he was employed. The deceased took a short cut over the tracks of defendant from the station to his carpenter shop instead of the longer route by board walk which had been provided by the company and while so doing was killed. He had been instructed to use the board walk and had no duties in connection with the right of way where he was killed. Mr. Justice KEPHART (now Chief Justice) there said (p. 176) : "Where an employee violates a positive rule as to entering forbidden parts of the owner's premises about which he has no duty to perform, or disobeys instructions against starting machinery or other dangerous agencies with which his work is not connected, and with which he has no business, and an injury results, he not only violates the orders of his employer, but is in the position of a trespasser, who without right, authority or permission enters forbidden ground."

In this case, just as in the Dickey case, the defendant had provided a way of ingress and egress. In addition, claimant and other employees had been forbidden to take the short cut, a barrier or fence had been erected

and, to keep the ban in mind, a notice had been posted. In one respect the facts in the Dickey case were more favorable to the claimant than the facts here are to this plaintiff. In that case the employee was injured on property owned by and being operated by the same employer, while here the railroad company, a stranger, owned the right of way and was operating on it at the time the claimant was injured.

Yannick, just as the employee in the Dickey case, had no duty to perform at the place of accident and he had no connection with the instrumentality that injured him. His work was not in any way identified with the operation on the right of way of the railroad. It made no difference that the carrier's operations were for the accommodation and service of the coal company. When Yannick climbed over the fence and went upon the forbidden territory, he took himself outside the course of his employment with the coal company, his employer, and became a trespasser on the right of way of the railroad company.

One further matter requires our attention. The referee found that the claimant was "instructed to leave the premises by a safer, but longer and somewhat circuitous route." The board set aside that finding, saying that there was no real basis for the inference that the prescribed route was safer. We are at a loss to understand how the board could have come to this conclusion in the face of the undisputed testimony, much of which came from the claimant. The defendant had provided a reasonably safe means of approach and exit by the underpass. The only feature of that way provided by the defendant that was claimed to present any danger was the fact that the defendant maintained a narrow gauge track through the underpass which was used twice a day, but not usually at a time when the employees were leaving the mine. The claimant proved by his own witness that even when a train was moving

through the underpass there was a clearance of three feet on each side. The only suggestion of danger is therefore the proximity of the path or way provided by the company to the narrow gauge private road of the defendant. "The path along the railroad or a private road is not an unsafe way": *Morucci v. Susquehanna C. Co.*, supra (p. 513). A mere allegation that the way was not safe without giving any facts to support the statement is but the expression of a conclusion. The burden was on the claimant to show that the right of way provided by the company was not a safe one and he failed to furnish any facts from which an inference could be drawn that the path was not reasonably safe.

The claimant in leaving the premises and going upon the right of way of the railroad company departed from the course of his employment and is therefore not entitled to recover.

Judgment reversed and it is directed that judgment be entered for the defendant.