## Evinchyk v. Pyne-Taylor Company

*Alphonsus L. Casey*, for claimant.
*Frank M. Walsh*, for defendant.

LEACH, P. J., January 19, 1944.—Plaintiff claims that he was an employe of defendant and was injured

through defendant's negligence in the wash shanty where he changed his clothes to go into the mines. The negligence consisted of furnishing plaintiff with a bench which collapsed and fell, injuring him seriously. In its affidavit of defense raising questions of law, defendant contends that plaintiff was an employe of defendant and his sole remedy is under The Workmen's Compensation Act.

If this were an injury compensable under The Workmen's Compensation Act defendant would prevail. However, when plaintiff was in the washroom and was fixing his clothes he was not on the employer's premises and was not furthering the interests of his employer. He was a mere licensee and not an employe of the company in doing that act: Leacock v. Susquehanna Collieries Co., 98 Pa. Superior Ct. 581; Kerwin v. Susquehanna Collieries Co., 112 Pa. Superior Ct. 594; Houlehan et al. v. Pullman Co., 280 Pa. 402. The fact that there is a relationship of employer and employe between two persons does not mean that every dispute between them must be tried under The Workmen's Compensation Act. In Billo v. Allegheny Steel Co., 328 Pa. 97, an employe recovered in trespass for an occupational disease.

Plaintiff's statement sets forth the case in trespass for negligence of the employer when plaintiff was a licensee. Defendant's alleged negligence must be proved by plaintiff and he is open to the defense of contributory negligence. It is a question for the jury.

Now, January 19, 1944, affidavit of defense raising questions of law is decided in favor of plaintiff and defendant is permitted to file its affidavit of defense within 15 days.