## Young, Appellant, *v.* Hamilton Watch Co.

Submitted December 13, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Harvey B. Lutz,* for appellant.

*Richard A. Snyder* and *Paul A. Mueller,* for appellee.

OPINION BY RHODES, J., January 18, 1946:

Claimant in this workmen's compensation case sustained an accidental injury on property owned by defendant, while on his way to work. The Workmen's Compensation Board affirmed the referee's order of disallowance, and the court of common pleas dismissed claimant's appeal. The appeal to this court followed.

The undisputed facts are that defendant provided a parking lot for the use of its employees. The parking lot did not adjoin defendant's plant, which was surrounded by a fence and policed by guards. It was separated from the plant by a public highway. Claimant went to work on February 3, 1943, as a passenger in an automobile of a co-worker. They arrived at the parking lot about 6:40 a.m. Claimant alighted from the automobile and started to walk across the parking lot. While lighting his pipe, and before reaching the street, he slipped and fell on

ice covered by snow. The fall caused a fracture of his left leg in two places.

The question arises whether at the time of claimant's injury section 301 of the Workmen's Compensation Act of 1915, as reënacted and amended by the Act of June 21, 1939, P. L. 520, § 1, 77 PS § 411, was applicable. It is conceded that claimant would be entitled to compensation only if he were injured on the "premises" of his employer. The parking lot was the property of defendant, but was it a part of defendant's "premises"? It is argued on behalf of claimant that the parking lot maintained by defendant was necessary to, and used in connection with, the operation of its manufacturing plant, and that consequently it was a part of defendant's "premises."

We have frequently said that there is a distinction between "premises" of the employer and "property" of the employer, and that they are not always synonymous. The term "premises" has a narrower meaning than the term "property," when used in compensation cases. *Shickley v. Philadelphia & Reading Coal & Iron Co.*, 274 Pa. 360, 118 A. 255; *Kerwin v. Susquehanna Collieries Co.*, 112 Pa. Superior Ct. 594, 172 A. 24; *Werner et al. v. Allegheny County et al.*, 153 Pa. Superior Ct. 10, 15, 33 A. 2d 451. "Premises" may, under certain circumstances, include a private street *(Feeney v. N. Snellenburg & Co. et al.*, 103 Pa. Superior Ct. 284, 157 A. 379), a private road *(Kasavage v. State Workmen's Insurance Fund et al.*, 109 Pa. Superior Ct. 231, 167 A. 473), a public road *(Meucci v. Gallatin Coal Co. et al.*, 279 Pa. 184, 123 A. 766); a stairway *(Black v. Herman et al.*, 297 Pa. 230, 146 A. 550; *Di Cicco v. Downs Carpet Co., Inc.*, 137 Pa. Superior Ct. 483, 9 A. 2d 183); but the place of injury, except as otherwise provided, must be a part of the "premises" of the employer within the meaning of section 301 of the Workmen's Compensation Act of 1915, as reënacted and amended, 77 PS § 411. "We recognize that the word 'premises,' in section 301 of the Act of June 2, 1915, P. L. 736, as reënacted and amended by the

Act of June 21, 1939, P. L. 520, 77 PS § 411, does not include all property of the employer, 'but does embrace that used in connection with the actual place of work where the employer carries on the business in which the employee is engaged [cases cited]': Hopwood v. Pittsburgh, 152 Pa. Superior Ct. 398, 403, 33 A. 2d 658, 661. As we said in Feeney v. N. Snellenburg & Co. et al., 103 Pa. Superior Ct. 284, 287, 157 A. 379, an accident, to be considered as happening on the premises of the employer, must have occurred on property owned, leased, or controlled by the employer and so connected with the business in which the employee is engaged as to form a component or integral part of it": *Wolsko v. American Bridge Co. et al.*, 158 Pa. Superior Ct. 339, at page 343, 44 A. 2d 873, at page 875. The principles applicable to the question before us, which is a legal one, may be found in many other pronouncements of this court. *Molek v. W. J. Rainey, Inc.*, 120 Pa. Superior Ct. 95, 181 A. 841; *Barton v. Federal Enameling & Stamping Co. et al.*, 122 Pa. Superior Ct. 587, 186 A. 316; *Werner et al. v. Allegheny County et al.*, supra, 153 Pa. Superior Ct. 10, 15, 33 A. 2d 451.

Claimant relies principally upon *Tolan v. Philadelphia & Reading Coal & Iron Co.*, 270 Pa. 12, 113 A. 67, and *Barton v. Federal Enameling & Stamping Co. et al.*, supra, 122 Pa. Superior Ct. 587, 186 A. 316, to sustain his contention that the parking lot was a part of the premises of defendant. We are unable to agree that either case is controlling. In the *Tolan* case claimant was injured while traversing a private road leading into the workings of defendant company and used for the purpose of transporting materials to and from its colliery; workmen in going to and from the mine also used this road. As claimant was injured while attempting to reach his work on premises used by his employer in the conduct of its business compensation was allowed. In the *Barton* case the employee was killed while driving his automobile on a private driveway constructed by the

employer primarily for the use of its own and other trucks in delivering and removing materials, merchandise, etc. The driveway was the only entrance to the rear of the plant and the only automobile or truck entrance to any part thereof; employees were tacitly permitted to use it and to park their cars in the rear of the plant. We held that at the time of the accident the employee had not left the premises where the business in which he was engaged was carried on.

In the present case it is obvious that the parking lot was not a part of the operating business; it was distinct therefrom and separated from defendant's plant by a public thoroughfare. See *Molek v. W. J. Rainey, Inc.,* supra, 120 Pa. Superior Ct. 95, 181 A. 841. Neither physically nor constructively was the parking lot part of the premises upon which the employer's business was conducted, and in which claimant was engaged. If claimant's theory is sound, any such parking lot, regardless of its remoteness to an employer's plant, would have to be considered as part of the premises upon which the employer's business was being carried on. The word "premises" cannot be enlarged in its meaning and application so as to include land or property outside of that used in connection with the actual premises where the employer carries on the business in which the employee is engaged. *Shickley v. Philadelphia & Reading Coal & Iron Co.,* supra, 274 Pa. 360, 362, 118 A. 255. The use of the parking lot by claimant was optional. It was voluntarily provided for his convenience or accommodation, but it was not essential to defendant's plant or an integral part of its business. The use of this facility was optional with each employee. See *Leacock v. Susquehanna Collieries Co.,* 98 Pa. Superior Ct. 581, 586; *Kerwin v. Susquehanna Collieries Co.,* supra, 112 Pa. Superior Ct. 594, 598, 172 A. 24.

We agree with the conclusion of the court below that under the particular facts of the instant case the parking lot was not so connected with defendant's business or its

operating premises as to form an integral part thereof; and that accordingly the accident caused by the condition of the parking lot did not occur on the premises of the employer within the provisions of the Workmen's Compensation Act, § 301 of the Act of 1915, as reënacted and amended by the Act of June 21, 1939, P. L. 520, § 1, 77 PS § 411.

Judgment for defendant is affirmed.