## Wilson, Appellant, v. H. C. Frick Coke Co.

*Workmen's compensation—Master and servant—Laborer—Course of employment—Death.*

Compensation for the death of an ordinary day laborer, will not be allowed under the Workmen's Compensation Act, as occurring within the "course of employment," where it appears deceased was ordered by his foreman to appear before the employer's physician for physical examination after working hours on a certain evening; he did not appear at the designated time or place; on the following evening he voluntarily appeared at the physician's home in another town; on returning home he was drowned in crossing a river, and his employment was for fixed working hours, without the limits of which he could not be called upon to work without additional compensation.

Argued May 11, 1920. Appeal, No. 81, Jan. T., 1920, by plaintiff, from judgment of C. P. Fayette Co., Dec. T., 1918, No. 360, affirming decision of Workmen's Compensation Board sustaining report of referee in disallowing claim for compensation for death of J. P. Wilson in case of Lucy Wilson v. H. C. Frick Coke Co. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board.

The opinion of the Supreme Court states the facts.

The court affirmed the decision of the Workmen's Compensation Board sustaining report of referee disallowing the claim.  Lucy Wilson, widow, appealed.

*Error assigned* was judgment of court, quoting it.

*A. E. Jones,* with him *J. C. Glassburn,* for appellant.

*W. J. Sturgis,* with him *S. J. Morrow,* for appellee.

Per Curiam, June 26, 1920:

The husband of the appellant, an employee of the H. C. Frick Coke Company, was drowned in the Monongahela river on the night of December 21, 1917, by stepping from the ice on it into a current exposed by a boat cutting its way through the ice.  He was returning from the office of the company's physician, to whom he had been directed to go the day before by his foreman, for the purpose of physical examination.  A specific finding of the referee, affirmed by the compensation board, is: "The deceased while returning from Masontown where he had undergone a physical examination at the request of the defendant company was not in the course of his employment and therefore his death was not due to an injury by accident while in the course of his employment with the defendant company."  On appeal to the court below the action of the board was sustained, and this appeal is dismissed on the following from its opinion affirming said action: "In the present case the deceased was but an ordinary day laborer, with fixed working hours, without the limits of which his employer was not privileged to call upon him for his services without additional compensation.  He had been ordered by his foreman to appear before the company's physician at Ronco for a physical examination on the evening of December 20, 1917.  He did not appear at that time and place, but voluntarily appeared at the home of the physician at Masontown the next evening, thus determining

for himself when and where he would submit himself for examination. He was not being paid for the time he consumed undergoing the examination or in going to and from the place of examination. He was not injured while performing any duty which he was employed to perform, nor while actually engaged in the furtherance of the business or affairs of his employer."

Appeal dismissed.