## Hutno, Appellant, *v.* Lehigh Coal & Navigation Co.

*Workmen's compensation—Disallowance of compensation—Engaging in parade outside of employment—Evidence.*

A claimant is properly disallowed compensation for the death of her husband, where competent evidence justifies a finding that at the time the deceased was killed he was driving, in a parade, a team of mules belonging to his employer, as his (the driver's) voluntary act, and as his individual contribution to the parade, and that the parade was not held during the working hours of the deceased, and that he was not under pay of his employer at that time.

Argued February 14, 1921. Appeal, No. 11, Jan. T., 1921, by plaintiff, from judgment of C. P. Schuylkill Co., Nov. T., 1919, No. 356, dismissing appeal from decision of Workmen's Compensation Board, which reversed allowance by referee in favor of claimant, in case of Katie Hutno v. Lehigh Coal & Navigation Co. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before KOCH, J.

The court dismissed the appeal from the decision of the Workmen's Compensation Board, reversing allowance of claim by the referee. See 29 Pa. Dist. R. 850; 16 Schuylkill L. R. 155. Plaintiff appealed.

*Error assigned,* among others, was above decree, quoting it.

*Roger J. Dever,* for appellant.

*Geo. M. Roads,* with him *P. B. Roads* and *William Jay Turner,* for appellee.

PER CURIAM, March 7, 1921:

The competent evidence produced at the hearing clearly warrants the finding of the compensation board that "at the time of the parade deceased was driving a team of mules belonging to defendant, as his (the driver's) voluntary act and as his individual contribution toward the parade" and that "the parade was not held during the working hours of the deceased and he was not under pay of the defendant at that time." The disallowance of compensation was, therefore, not error.

The appeal is dismissed.