## Houlehan et al., Appellants, *v.* Pullman Co.

*Workmen's compensation—Course of employment—Injury not on premises of employer—Sleeping car conductor—Practice—Referring case back for rehearing.*

1. An injury suffered by an employee, not during the hours of his employment, nor on the employer's premises, nor while engaged in the furtherance of the latter's business, is not compensable.

2. Where an employee has regular hours of work, and when additionally employed is paid for overtime, he is not in the course of his employment except when at work or engaged in furthering his employer's business.

3. The place where the employee dresses has no bearing on the employer's business, and this is the case even where the employer provides a place where the employees may dress if they so desire.

4. Where a sleeping car company provides a room where its employees may dress if they desire, and in such room a table is provided where conductors, if they wish, may make out their reports, it cannot be argued, from the presence of the table therein, that a conductor was killed in the course of his employment while proceeding from the room to the station some distance off, where there is no evidence he had ever used the table for that purpose and he had not on the occasion in question.

5. Where the common pleas has reversed the decision of the Workmen's Compensation Board and sent the case back for a rehearing, and the board thereupon reverses itself, it is not necessary for the court in a second appeal to send the case back for a second rehearing.

Argued April 14, 1924. Appeal, No. 341, Jan. T., 1924, by plaintiffs, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1921, No. 8993, affirming decision of Workmen's Compensation Board, in case of Marie C. Houlehan, widow, and Fenton Houlehan and Doris Houlehan, minor children of James J. Houlehan, v. The Pullman Company. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before MARTIN, P. J.

From the record it appeared that the referee awarded compensation, and his award was sustained by the Workmen's Compensation Board. On appeal to the common pleas the decision of the board was reversed, and the record remitted for rehearing. On the rehearing the board reversed itself and disallowed compensation. On appeal the decision was affirmed. Other facts appear by the opinion of the Supreme Court. Plaintiffs appealed.

*Errors assigned* were, inter alia, dismissal of exceptions to findings of the board, quoting record.

*J. A. Robbins,* for appellant, cited: Callihan v. Montgomery, 272 Pa. 543.

*J. Fred'k Jenkinson,* with him *George H. Detweiler,* for appellee, cited: Wilson v. Coke Co., 268 Pa. 256; Shickley v. C. & I. Co., 274 Pa. 360; Rotolo v. Furnace Co., 277 Pa. 70; Maguire v. Lees, 273 Pa. 85.

OPINION BY MR. JUSTICE WALLING, May 12, 1924:

On the morning of September 28, 1920, James J. Houlehan was killed by a street car at the intersection of Fifteenth and Arch Streets, Philadelphia. He was employed as conductor by the Pullman Company and this proceeding by his widow and children was brought against that company under the Workmen's Compensation Law. The accident did not happen on the employer's premises and the case turned on whether the deceased was then engaged in the course of his employment. The referee and compensation board found he was and allowed compensation; this the court of common pleas reversed and remanded the case for further hearing. The compensation board, following the law as announced by the court, rejected the claim; and, from

the affirmance thereof by that court, plaintiffs have appealed.

Conductors were required to wear uniforms while on duty but not permitted to do so at other times; for their convenience defendant provided a room at 104 North Fifteenth Street, Philadelphia (herein called "room 104"), furnished with lockers, where uniforms, punches, tickets, etc., could be left. The room also contained beds where conductors, arriving late, could sleep until morning. No charge was made for these accommodations and it was optional for the individual conductor whether he would take advantage of them; many, including Houlehan, did, others did not. Some conductors took their uniforms home, others to the Young Men's Christian Association, and never used the room in question. The deceased had formerly worked as an extra but at the time in question had a regular run, his train being scheduled to leave Broad Street Station platform that morning at 8:40, which necessitated his presence there at 8:10, when his hours of work and compensation began. That morning he arrived at room 104 about 8 o'clock, put on his uniform, took his usual outfit and started for the station, but was killed on the way, as above stated. This room was about four hundred feet from the station, by the direct route which he took.

Under the undisputed facts, the court below properly held complainants not entitled to compensation, for Houlehan was not engaged in the course of his employment when killed, nor even on the employer's premises. The latter fact would not preclude compensation had he actually been engaged in the furtherance of the employer's business (section 301, Act of June 2, 1915, P. L. 736, 738, 739; Rodman v. Smedley et al., 276 Pa. 296; Maguire v. James Lees & Sons Co., 273 Pa. 85), but he was not. An injury suffered by an employee, not during the hours of his employment, nor on the employer's premises, nor while engaged in furtherance of the latter's business, is not compensable (see Maguire v. James

Lees & Sons Co., supra; Rotolo v. Punxsutawney Furnace Co., 277 Pa. 70; Hutno v. Lehigh Coal & N. Co., 270 Pa. 14), and that is this case. Where the employer transports the employees to and from work, as a part of their contract, the relation of master and servant exists during the transportation (Dunn v. Trego et al., 279 Pa. 518; Knorr v. Central R. R. of N. J., 268 Pa. 172), but that question is not involved in the instant case. Houlehan had regular hours of work, and when additionally employed was paid for overtime; he was not, therefore, in the course of his employment except when at work or engaged in furthering his employer's business. The donning of his uniform did not place him on duty, whether done at home or at room 104. It cannot be said that an employee's rights depend on the place where he changes his clothes, or, as the lower court aptly says: "The fact that Houlehan had put on his uniform, and that the rules of the company forbade wearing it when off duty did not mark the commencement of his service. The rules also required neatness of dress and appearance when reporting for duty, but a shave, shoe shine or changing a collar or shirt could not be construed as the commencement of employment when it was stipulated it should not commence until a fixed hour at a designated place." A conductor who provides his own room should not be in a worse position than another who makes use of one provided by the employer. The place where the employee dressed had no bearing on the employer's business. On the rehearing before the compensation board, a notice found in Houlehan's coat pocket, dated September 25, 1920, signed by one of defendant's officers, notifying the conductors to appear at room 104 for instruction as to the new time slips, was put in evidence, by which it was sought to create an inference that Houlehan's visit to the room that morning was for instruction. The undisputed evidence, however, is that he had received such instruction on the previous day at another place and that, on the morning in question, he neither asked for nor re-

ceived any instruction. So there is nothing upon which to base a finding that his visit to the room was or was intended to be in furtherance of the employer's business. The instant case is somewhat like Wilson v. H. C. Frick Coke Co., 268 Pa. 256; there, the employee was drowned, while returning from the office of a physician, where he had gone for a physical examination, but not during working hours, nor at the time or place he had been directed by his employer to appear. There, as in the instant case, the employee had fixed hours of work and was paid for extra time, but compensation was refused on the finding that Wilson did not lose his life in the course of his employment. In Haddock v. Edgewater Steel Co. et al., 263 Pa. 120, also in Messer v. Manufacturers' L. & H. Co., 263 Pa. 5, the employee had no fixed hours of work and was injured in the performance of duty in furtherance of the employer's business.

There was a table in room 104 where conductors sometimes made out reports, but such work, when not finished on the train or at the station, was usually done in the cashier's office in the Franklin Trust Building on South Fifteenth Street, where special facilities were afforded for that purpose and where the reports, etc., were turned in. There is no evidence or finding that the deceased ever did any writing in room 104 and he certainly did none on the morning in question.

The dispute here is not as to the underlying facts, but whether they support the vital conclusion that Houlehan met his death in the course of his employment; that is a question of law reviewable by the courts (Stahl v. Watson Coal Co., 268 Pa. 452; Flucker v. Carnegie Steel Co., 263 Pa. 113; Callihan v. Montgomery, 272 Pa. 56), and was here properly answered in the negative.

It is unnecessary to send the case back for a second rehearing: Riley v. Carnegie Steel Co., 276 Pa. 82; Kuca v. Lehigh Valley Coal Co., 268 Pa. 163.

The judgment is affirmed.