## Saylor v. Gehley's Carpet Store.

*Workmen's compensation—Compensation allowed for death of employee while attending a picnic given by employers to their employees.*

Where claimant's decedent had been drowned while attending an annual picnic given to employees by his employers at the latter's expense, because "it is good advertisement," "furthers the interest of the store," and the employers "figure it a paying proposition," an award by the Workmen's Compensation Board was sustained.

Appeal from decision of the Workmen's Compensation Board. C. P. York Co., Aug. T., 1925, No. 45.

*S. B. Meisenhelder,* for claimant.

*James G. Glessner* and *Wickersham & Neely* (of the Harrisburg Bar), contra.

STOCK, J., March 11, 1927.—This is an appeal by the defendant through the Ocean Accident and Guaranty Corporation, Ltd., an insurance carrier, from an opinion of the Workmen's Compensation Board affirming referee's findings of fact and conclusions of law and his award.

In the determination of this appeal, it is necessary to consider only two findings of fact and the conclusions of law thereon:

"4. That, on July 24, 1924, while attending an annual outing of the employees of the defendant company at Grissinger's Park, Adams County, Pa., the decedent was swimming in Dick's dam and was accidentally drowned, of which the defendant had due notice.

"5. That the defendant company had made it a practice during the past two or three years to give an annual outing to their employees and their families, the expense of which outing was borne in its entirety by the defendant company. That the purpose of these outings was to create better fellowship between the employees, better co-operation between the employees and employer, to further advertise the business of the employer to the public, both through their employees, publicity in the local papers and the display on the trucks that carried the employees and their families to and from the picnic. That it had been the custom for the different retail merchants of the City of York to give their employees Thursday afternoon off each week as a holiday, but there was no reduction in their wages for this half-day. That the afternoon of July 24, 1924, was a Thursday afternoon on which the employees of the defendant company were entitled to be off, but with pay. That the defendant company requested all their employees and their families to participate in this annual outing, but there was nothing compulsory on any of the employees to attend the outing. That this particular outing on July 24, 1924, was attended by all the employees of the defendant with the exception of one, who was on his vacation at Roanoke, Virginia. That on July 24, 1924, the decedent worked in the store of the defendant company until noon at his regu-

Saylor v. Gehley's Carpet Store.

lar employment and stopped work at the same time as the other employees in order to attend the annual outing to be given by the defendant at Grissinger's Park. That at the time the decedent met with his death he was being paid his regular rate of wages and was actually engaged in the furtherance of the business or affairs of the employer, although not on the premises of the employer or under its control."

If these findings of fact are correct, the conclusions of law reached by the referee and affirmed by the board naturally follow.

The question is, did the decedent die from "injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere," as defined by section 301 of the Workmen's Compensation Act of 1915?

The evidence on this question rests entirely upon the testimony of Henry L. King, a member of defendant partnership, who was the only witness called on either side. He testified that all the expenses of this picnic, "transportation, dinner and anything else," were paid by the employer; that decedent received wages for the time during which he attended the picnic; that, although attendance was not compulsory, "we expect them to go, of course, just the same as I expect them to go to work to-morrow morning." A member of the firm was present at the picnic and superintended the activities of the occasion, and cautioned decedent about bathing as he went in, saying: "Harry, be careful; the water is deep in there." "All the arrangements for the outing were made direct and under the firm's supervision." "The picnic was held at the sole instance and suggestion of the employer." All the employees of the firm attended "except one, who was on his vacation at Roanoke, Virginia, who was too far away to get back."

The object of the picnic is stated by defendant to be "in the first place, it is good advertisement, and the fellows get better acquainted with the bosses and the bosses with the fellows, and we figure it is a paying proposition." "The men will take more of an interest in you, and anything you ask of them they will get down and dig;" "it furthers the interest of the store." Defendant is engaged in selling floor coverings and furniture. "Well, it [the picnic] didn't benefit the buying public, but it did help Gehley's Carpet House in different ways. It advertised our place, and, at the same time, shows the people that we are right with our employees. And, furthermore, we were up there at this park—we went in a large truck, decorated with flags and bunting, and had a big sign on it 'Gehley's Carpet House,' and through the press, you know—those things all make noise."

From this testimony it follows as a logical conclusion that defendant made this picnic a matter of business—first, for advertisement; second, to develop a spirit of co-operation among the employees and of loyalty to the firm.

It cannot be denied that the field of advertisement has greatly widened, that new forms of advertisement particularly appealing to the good-will of a community are unusually effective and are more constantly employed. This is especially true of firms engaged, like defendant, in a business dealing directly with the public. The good-will of the community, the good-will of their employees, is essential to the success of their business, and an undertaking— a picnic—planned to secure such good-will is "in the furtherance of the business or affairs of the employer."

The second purpose of the picnic was equally essential to the business of the defendant. A contented employee, a loyal employee, is the greatest asset of a business. What is done to stimulate co-operation between employer and employee is "in the furtherance of the business or affairs of the employer."

### Saylor v. Gehley's Carpet Store.

The finding of the referee, that the deceased was actually engaged in the furtherance of the business of the employer, was a question of fact (Gallagher v. Walton Manufacturing Co., 264 Pa. 29), or, at most, a mixed question of fact and law: Flucker v. Steel Co., 263 Pa. 113; Blouss v. D., L. & W. R. R. Co., 73 Pa. Superior Ct. 95. "Although the Act of June 26, 1919, P. L. 642, brings the evidence before us for review in this class of cases, our revisory powers are limited to a determination of the question whether there is evidence to support the findings, and whether the law has been properly applied to them:" Justice Walling, in Rodman v. Smedley et al., 276 Pa. 296-298; Carville v. Bornot & Co., 288 Pa. 104.

The decision in Hutno v. The Lehigh Coal and Navigation Co., 270 Pa. 14, does not control the instant case. In that case, the employee voluntarily entered a parade. The employee received no compensation while parading. He was not directed by any one in authority to parade. As Judge Koch, speaking for the court below, said: "It should be made to appear that the parade was a business or affair of the defendant, or it should be shown, at least, that the company, as such, made the parade its business or affair for the time being, and that Hutno was employed in furtherance of it. But if he went in by an order of the boss during working hours, he was entitled to his wages as if at his regular work, and his widow and children would be entitled to compensation now that he is dead. The condition under which he went into the parade is the controlling fact in the case and should not be overlooked: Hutno v. The Lehigh Coal and Navigation Co., 270 Pa. 14; Workmen's Compensation Law, 1919, § 185.

The right to compensation for injuries which are received off the premises of the employer is limited to those injuries received while "actually engaged in the furtherance of the business or affairs of his employer." The word "actually" has been distinguished from the word "constructively:" Maguire v. James Lees & Sons Co., 273 Pa. 85. In the instant case deceased was actually engaged in the activities of a picnic planned by the employer, paid for by the employer, supervised by the employer, and during time for which he received wages. In our opinion, that meets the requirements of "actually engaged."

While it is true that compensation was denied by the board in a former case of injuries received at a picnic (Hinkle v. Gillies Co., 5 Pa. Workmen's Comp. Bd. Dec. 395), the brief report of that case fails to show that the picnic was supervised by the employer, or that the employer was furthering his business in any way by holding such picnic.

On the other hand, in a later decision of the board, welfare work is recognized as a legitimate phase of business activity, as a form of advertisement and to stimulate co-operation amongst employees. In this case claimant was injured while playing baseball on a team, the members of which were employees of Gimbel Brothers, and was allowed compensation: Fredhoff v. Gimbel Brothers, 7 Pa. Workmen's Comp. Bd. Dec. 344.

We consider the findings of fact made by the referee to be supported by the evidence, and that the conclusions of law necessarily follow from those findings.

And now, to wit, March 11, 1927, the award of the referee, sustained by the board, is affirmed, and judgment is entered in favor of plaintiff and against defendant in the sum of $2400, with costs of suit.

From Allen C. Wiest, York, Pa.