JOSEPH H. LEHMAN v. B. F. NELSON MANUFACTURING COMPANY.[1]

February 15, 1935.

No. 30,065.

[1]Reported in 258 N. W. 821.

*Sexton, Mordaunt, Kennedy & Carroll,* for relator.
*John A. Goldie,* for respondent.

Loring, Justice.

*Certiorari* to review a decision of the industrial commission.

Employe-respondent was awarded compensation for an injury sustained in a street fight. The relator, a self-insurer under the provisions of the workmen's compensation act, in order to minimize accidents in its plant, held, from time to time, safety rallies. These rallies took place in the evening in the Turner Hall, a building not far distant from the company's plant and owned by the company but not used in the manufacture of its product. In order to induce the employes to attend these meetings the employer furnished entertainment that commenced after the safety lectures. One of these meetings was to be held September 24, 1932, and respondent was given a ticket and told that he was expected to be at the meeting. Accompanied by his wife and another couple, respondent arrived at the hall where the meeting was in progress at about 8 or 8:30 in the evening.

It appears that at previous safety meetings there had been some difficulty handling an element of loiterers who had attempted to gain admittance to the entertainment which followed the meetings. The company, for the purpose of keeping this element out of the hall, had caused to be placed at the entrance of the hall one of its employes whose business it was to collect tickets of the employes and to refuse admittance to anyone not entitled thereto. One Hanson, a foreman of the company, arrived at the hall on the evening of September 24 and was accosted by those loitering around the entrance of the building, with some of whom it appears he was acquainted. Demand was made of him that he effect their entrance to the building, and he refused to do so. After the meeting and entertainment were concluded Hanson and respondent were leaving the building when Hanson was attacked by the loiterers and was being beaten by them. Respondent interfered and

pulled one of them away from Hanson and, believing that the hostilities had ceased, commenced to walk across the street to his car. When on the traveled portion of the street respondent was beset by these men, knocked to the street, and suffered the injury complained of.

The principal question presented for review is whether or not the injury arose out of and in the course of respondent's employment.

The workmen's compensation act 1 Mason Minn. St. 1927, § 4326(j), provides that personal injuries arising out of and in the course of employment within the meaning of the act must be sustained.

"While [workmen are] engaged in, on, or about the premises where their services are being performed, or where their services require their presence as a part of such service, at the time of the injury, and during the hours of service as such workmen; * * * but shall not include an injury caused by the act of a third person or fellow employe intended to injure the employe because of reasons personal to him, and not directed against him as an employe, or because of his employment."

The employer invited all of its employes to attend the safety rally and furnished them with tickets so that they and their families might attend the rally and the social function which followed. Issuance of these tickets was largely for the purpose of excluding the rough element from the entertainment which followed the rally and thereby making it more attractive to the families of the employes. The employes got no compensation for attending the rally, nor does it appear that they suffered any penalty whatever for not attending. It was given in both the interests of the employer and the employe, and of course the employes were free to leave the premises where the rally was held at any time whether during the rally or the subsequent entertainment. The injured employe in this case stayed with his family for the social affair purely for his and their enjoyment and recreation. They were guests of the employer but in no way engaged in any employment. The lecture

given at the safety rally had terminated some hours before respondent attempted to leave the hall and was injured. It appears to us that not only was the injury not ·received in the course of respondent's employment but that it was caused by the act of a third person intended to injure the employe because of reasons personal to him and not directed against him as the employe or because of his employment. These men were hostile to the employes of the B. F. Nelson Company not because they were such employes but because they appeared to have a personal grievance against Hanson because he failed to permit them to enter. They had a personal grievance against the respondent because he came to Hanson's assistance. In this connection see F. Becker A. R. Co. v. Industrial Comm..333 Ill. 340, 164 N. E. 668; Wilson v. H. C. Frick C. Co. 268 Pa. 256, 110 A. 723; Hutno v. Lehigh C. & N. Co. 270 Pa. 14, 113 A. 68; State ex rel. Common School Dist. No. 1 v. District Court, 140 Minn. 470, 168 N. W. 555, 15 A. L. R. 579; Wooley v. Minneapolis Equipment Co. 157 Minn. 428, 196 N. W. 477.

The writ is discharged, and the order and decision of the industrial commission is reversed.

