## Savage *v.* Mt. Pleasant Township Supervisors (et al., Appellant).

Argued October 2, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Robert P. F. Maxwell,* with him *A. J. Rutherford* and *George F. Blewett,* for appellants.

*Wm. A. Skinner,* with him *Chester A. Garratt,* for appellee.

OPINION BY KELLER, P. J., November 20, 1935:

Michael Savage, on December 20, 1933, was a duly elected supervisor of Mt. Pleasant Township, Wayne County. He had also been designated by the Board of Supervisors, pursuant to the Act of May 1, 1933, P. L. 103, sec. 514 (p. 121), roadmaster of one of the road districts into which the township had been divided. His 'wages' (Act of 1933, supra, sec. 514) for his work as such roadmaster had been duly fixed at four dollars per day. His compensation as Township Supervisor for attending meetings of the Board, etc. (sec. 515) had been determined by the Township Auditors at four dollars per meeting. The same section of the Act of 1933 provides that when a supervisor is working as a roadmaster he shall not receive any wages or compensation for his work as a roadmaster in addition to his compensation for attending a meeting of the supervisors held that day, unless such meeting is held during the nighttime. In other words, for his work as a roadmaster he is to be paid wages of four dollars a day; but if, while so engaged he attends a daytime meeting of supervisors, for which he receives compen-

sation—four dollars—he shall be paid no wages as roadmaster; but if the meeting is held at nighttime he may receive both his wages as roadmaster and his compensation as supervisor for attending a meeting.

As a supervisor he is not an employee of the township within the meaning of the Workmen's Compensation Act. As a roadmaster, he is; and the insurance carrier so recognized him in determining the payroll and the premium to be paid by the township.

On December 20, 1933, Savage went to Honesdale on a double errand: (1) To look after a loan of the township; (2) to confer with the local official of the Civil Works Administration, a federal agency which, in cooperation with the township, was about to engage in some road improvement projects within the township. The Board of Supervisors had appointed Savage, in his capacity as roadmaster of the district, to serve as superintendent for the township of this projected work within his road district. He was instructed by the Civil Works Administration official to deliver cards to certain workmen directing them to report for work on this road improvement on December 22d, and on his way home from Honesdale was proceeding to carry out these instructions. While on this errand the automobile which he was driving skidded, hit a tree and caused him injuries, including the loss of his right eye.

His right to compensation depends on whether at the time of the injury he was acting in his capacity of supervisor, or as roadmaster employed by the Board as aforesaid.

The referee found from the testimony that at the time of the accident he was performing duties in connection with his position of roadmaster or superintendent and not in his official capacity as supervisor, and awarded him compensation. The Workmen's Compensation Board sustained the findings of the referee and the consequent award, and the court below entered

judgment in accordance with said findings and award. There is evidence to support the findings. Had the supervisors employed an outside party to act as roadmaster and superintendent, the work the claimant was doing at the time of the accident would properly have appertained to the duties of this roadmaster rather than to the official duties of the supervisors.

The judgment is affirmed.