## Bricker *v.* Supervisors of Heidelberg Township (et al., Appellant).

Argued November 11, 1935.

Be-fore KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Ralph C. Body,* with him *Stevens & Lee,* for appellant.

*Daniel G. Rothermel,* for appellee, was not heard.

PER CURIAM, January 31, 1936:

Claimant's husband was accidentally injured on May 31, 1933, while doing manual labor as a roadmaster of Heidelberg Township, Berks County. He died from lockjaw as a result of the accident on June 14, 1933. A compensation agreement was entered into between the parties on July 17, 1933 providing for the payment of compensation to his widow at the rate of $5.28 per week for 299 weeks—one week's compensation had been paid the employee. This agreement was duly affirmed by the Workmen's Compensation Board and under it compensation was paid claimant until about the middle of March, 1934.

On March 15, 1934, the insurance carrier filed a petition to review the compensation agreement entered into as aforesaid on the ground that claimant's husband was a supervisor of the township and, therefore, not an employee. After various proceedings before the Board, which it is not necessary to refer to, the Board finally reversed the order of the referee setting aside the compensation agreement, reinstated the agreement and directed that payments thereunder should continue. On appeal to the court of common pleas the action of the Board was sustained.

The facts are not in dispute. Levi Bricker, claimant's husband, was one of the three supervisors of Heidelberg Township. The other two were Frank O. Miller and William W. Dundore. By the authority conferred upon them by law the Board of Township Supervisors divided the township into two road districts and appointed two of their number, Bricker and Miller, as roadmasters. It was while doing manual labor on the

road, in his capacity as roadmaster, that Bricker received the injury which caused his death.

The case is governed by our decision in Savage v. Mt. Pleasant Township, 119 Pa. Superior Ct. 392, 181 A. 519. While that case was concerned with the Second Class Township Law of 1933 (Act of May 1, 1933, P. L. 103), and this one deals with the General Township Act of 1917, (Act of July 14, 1917, P. L. 840) and its amendments, the differences between them are not such as to require a contrary ruling. In both acts [1] the Board of Supervisors—as a board, not as individuals— divide the township into road districts and decide whether they shall employ outside persons or appoint some of their own number, to act as roadmasters. If they appoint outsiders as roadmasters, the supervisors as a board fix their compensation. If they select the roadmasters from their own body, the township auditors, within certain prescribed limits, fix their compensation for working on the roads. The compensation so paid them for their work is not compensation for their duties as supervisors, but for their labor as roadmasters. Both statutes recognize that they may serve in a dual capacity—as supervisors and as roadmasters. While performing their duties as elected supervisors, they are officers of the township, and not employees within the meaning of the Workmen's Compensation Act. But while working on the roads in the capacity of roadmasters, they are employees and not officers. When the board of supervisors, acting for the township, employed [2] two of their number, instead of outside persons, to act as roadmasters, and work on the roads, the town-

---

[1] Act of May 1, 1933, P. L. 103, Sections 510-516, pp. 120-122. Act of July 14, 1917, P. L. 840, Sections 230-236, pp. 865-866, as amended by Act of April 4, 1919, P. L. 43.

[2] The word 'employed' is used in Section 236, 4th clause, of the Act of 1917, supra, p. 866.

ship was the employer, and the individual supervisors so employed were employees, while working on the roads pursuant to such employment.

The judgment is affirmed.