# Emhoff v. Porter Township School District et al.

*Edred J. Pennell*, for claimant.

*John A. R. Welsh*, for defendants.

RICE, P. J., May 28, 1940.—This is an appeal by S. E. Emhoff, claimant, from a judgment of the State Workmen's Compensation Board, affirming the findings of fact, conclusions of law, and order of disallowance of the claim

made by E. H. Beshlin, referee of the tenth district. Appellant alleges errors in certain findings of fact and conclusions of law, and in the disallowance of the claim, and filed, with his appeal, exceptions specifying the errors alleged.

The powers of this court with respect to the alleged errors in the findings of fact are, according to the decisions of the Pennsylvania appellate courts, very much limited.

In Hiles v. Hecla Coal & Coke Co., 296 Pa. 34, 38, the Supreme Court said:

"All of this evidence merely affirms what we have often said,—that where there is evidence to support a material finding, it will be conclusive on us. It was not intended by the legislature that this court should be an appellate administrative tribunal to weigh the evidence submitted to the referee or the board. Our revisory powers are limited to such consideration of the record as will enable us to ascertain whether there is evidence to support the findings of the board and if, upon such findings, the law has been properly applied. Though we may be of opinion, from the apparent weight of the evidence, that a finding should be made adverse to that of the board, we are not at liberty to enter or direct such different finding, where the one adopted by the board is supported by proof: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 165."

In Paulin v. Williams & Co., Inc., et al., 122 Pa. Superior Ct. 462, 466, which was affirmed by the Supreme Court in 327 Pa. 579, on the opinion of Judge Rhodes, the Superior Court said:

"It is apparent that what the lower court did in this case was to overrule the board on a question of fact and to substitute its own finding therefor. It has frequently been stated that the court has no power to do this; and a situation similar to the present case may be found in Stahl v. Watson Coal Co. et al., 268 Pa. 452, 112 A. 14. The workmen's compensation board is the final fact-finding body in compensation cases. Where the findings of

fact made by the board are based on competent evidence they are conclusive, and our courts have no power to weigh the evidence and revise those findings or reverse the final action of the board. Vorbnoff v. Mesta Machine Co. et al., 286 Pa. 199, 206, 133 A. 256, 258; Ford v. A. E. Dick Co., 288 Pa. 140, 150, 135 A. 903, 907. Neither the lower court nor an appellate court can say that the board must find one way or another. Although it may feel that the weight of the evidence, as a whole, is against the finding of fact so made, it may not disturb that finding if it is supported by sufficient legally competent evidence. Hanlon v. Gulf Refining Co. et al., 115 Pa. Superior Ct. 315, 317, 175 A. 724, 725. There can be no interference by the courts with such findings, whether they be based on proved facts or inferences therefrom. Flucker v. Carnegie Steel Co., 263 Pa. 113, 119, 106 A. 192, 194."

To the same effect are Mager v. State Workmen's Insurance Fund et al., 127 Pa. Superior Ct. 438, Edmiston v. Wolf, Sheriff, et al., 134 Pa. Superior Ct. 7, Marmon v. Union Collieries Co., 135 Pa. Superior Ct. 582, Weitz v. Weitz et al., 136 Pa. Superior Ct. 191, and Berman v. George J. Blair Co. et al., 137 Pa. Superior Ct. 193.

According to the findings of fact, made by the referee and affirmed by the board, claimant was, on and before October 9, 1937, the date of the accident to claimant, an enforcement investigator of the Milk Control Commission for the northwest area, and also an elective officer (school director) and the treasurer of the School District of Porter Township, Clarion County. The Department of Labor and Industry had condemned one of the school buildings of the said school district, and the board of directors thereof desired to get permission from the department to keep such building open temporarily. Some questions relating to the expense account of claimant as said enforcement investigator had arisen, and W. G. Britner, supervisor of the said area, under whom claimant worked, had told claimant to take up the matter with the Milk Control Commission on his trip to Harrisburg with other members of the said school board, or on a later

trip in connection with milk control matters, but the said supervisor had no authority to direct claimant to make a trip to Harrisburg for the purpose of adjusting his expense account. On October 9, 1937, claimant, in his own automobile, with three other members of the said school board as passengers, started from New Bethlehem, Pa., on a trip to Harrisburg, but claimant's automobile collided with another automobile near Thompsontown, Juniata County, and claimant received injuries, for which he claims compensation as an employe of the said school district and the said milk commission. Claimant was not, on the date of the accident, an employe of the said school district and was not, on the said date, on an errand to Harrisburg, authorized by the supervisor of his district or area, and was not requested or directed by anyone in authority under the milk commission to make the trip, but he made the trip of his own volition.

The tenth finding of fact, to wit, that claimant was, at the time of the accident, an elective officer, that is, a school director of the School District of Porter Township, is amply supported by the evidence. Claimant so testified. Claimant was also the treasurer of the said school district, as testified by claimant and stated in the first finding of fact. But there is no evidence to show that it was in his capacity of treasurer that he started on his trip to Harrisburg to take up with the Department of Labor and Industry the matter of securing permission to keep open temporarily the school building that had been condemned. The tenth finding further states that he was not an employe of the school district within the meaning of The Workmen's Compensation Act, supra. If, therefore, claimant started on a trip to Harrisburg in regard to the said building, he did so as a director, not as an employe, and it was properly held that he has no claim against the said school district: Savage v. Supervisors of Mt. Pleasant Twp. et al., 119 Pa. Superior Ct. 392; Bricker v. Supervisors of Heidelberg Twp. et al., 120 Pa. Superior Ct. 378.

This will leave for consideration the claim against the Milk Control Commission, which involves more questions.

The Workmen's Compensation Board filed an opinion affirming the findings of fact and the conclusions of law and the order of disallowance made by the referee. In that opinion the board recited certain facts, but did not make numbered findings of fact in formal language. Appellant has filed exceptions to certain recitals of facts in the opinion and treats them as findings of fact. Regardless of any question as to the propriety of the practice, the court will dispose of the exceptions.

The exceptions question the correctness of the findings of fact, so called, in the opinion of the board to the effect that: (1) The primary purpose of the trip to Harrisburg was to further the business of the school district; (2) claimant had no authority from anyone to make the trip for the purpose of adjusting his account with the milk commission; (3) claimant was on a mission for the school district; (4) claimant was told by his supervisor to take up the matter with the milk commission on his next trip to Harrisburg on milk control business, or on school business, whichever trip would be made first, and (5) claimant must be considered, at the time of the accident, as an elective officer of the school district. The testimony of W. G. Britner, the supervisor, and claimant himself clearly show that these exceptions are not well grounded, and that the findings of fact made by the referee and the board in its opinion are supported by the evidence. The supervisor did no more than *suggest* the trip; he did not authorize or direct it, and no other person in authority for the milk commission did so. Claimant admitted that he was not to get any expenses for the trip and that he was making the trip in his own automobile. Claimant talked with the supervisor in reference to the school affair, but the supervisor merely suggested to claimant that, when he went to Harrisburg on the school matter or at some time on milk control business, he take up with the milk commission the matter of claimant's ex-

pense account. The facts that the school board decided on the trip to Harrisburg and that four members of the board, including the claimant, started on the trip, together with the suggestion of the supervisor as aforesaid, justified the inference that claimant was on a mission for the school board, and that such mission was the primary purpose of the trip.

Certain of the exceptions filed allege errors by the board in failing to find certain facts. The duty and power to find the facts is exclusively within the province of the referee and the board. The credibility of the witnesses, the weight of the evidence, and any inferences to be made from the testimony are for them to pass upon and determine. Whether a certain fact should or should not be found is for the referee and the board to decide, not the court. Under section 427 of The Workmen's Compensation Act, as amended, the court decides matters of law only, among which may be a question whether any particular finding of fact is supported by legally competent evidence, not whether certain facts should have been found, and if the court is of the opinion that the findings are not sufficiently specific for a decision on the legal questions the court may remit the record for more specific findings. In doing this the court may point out the insufficiency of the findings, but cannot direct what findings shall be made. In this case the court is of the opinion that the findings are sufficiently specific for a decision.

The area or district in which claimant worked for the Milk Control Commission constituted the "premises" of the commission, but that does not mean that all points in the district were at all times on the premises. The home of claimant and any other place in the district where claimant was not engaged in any matters for the commission would be excluded from the district as "the premises."

" 'Premises' includes the land where the business in which the employee is engaged, is actually carried on": Palko v. Taylor-McCoy Coal & Coke Co. et al., 289 Pa. 401, 405.

". . . the employer's premises for the particular employee must ordinarily be the place where his duties are usually carried on": Shoffler v. Lehigh Valley Coal Co., 290 Pa. 480, 483.

"We have also held . . . that . . . it [the term premises] means the place where the employee's presence must ordinarily be required": Hunter v. American Steel & Wire Co., 293 Pa. 103, 106.

Claimant was not injured in this district, and, therefore, he was not on the employer's premises at the time of the accident.

The fact that the accident did not occur on the premises differentiates this case from those in which the accident happened on the premises, as will be pointed out in the appellate court cases we will cite.

In Palko v. Taylor-McCoy Coal & Coke Co. et al., 289 Pa. 401, 404, 405, 406, the Supreme Court said:

"The question for us to determine is whether the deceased was killed in the course of employment or when actually engaged in furthering the business of the employer while off the premises. The act [Workmen's Compensation Act] specifically requires an employee to be *actually* so engaged if he is injured while off the employer's premises: Maguire v. James Lees & Sons Co., 273 Pa. 85.

"The term 'course of employment' has a necessary relation to the fact of employment while on the premises and a still closer relation to the fact of employment when an injury occurs off the premises. In the latter case, the employee must be actually engaged in his master's business. Our prior decisions show that, in each instance where compensation was allowed for accidental injuries, occurring off the premises, the facts warranted the conclusion that the employee sustained his injuries while actually engaged in the performance of some as yet incompleted business of his employer. . . .

" 'Course of employment' does not cover all the time during the day; it does not extend to intervals of time

between regular working hours, nor to the interval between the regular working hours and a new, additional, or different work to be undertaken at another period of time, in which intervals the employee leaves the premises. . . . The term 'course of employment' does include the intervals of time for leisure interspersed in regular working hours for rest or refreshment on the premises . . . or to minister to personal comfort or relieve nature . . . but it does not cover the time going to or from work after or before regular or extra working hours. . . . .

"As stated above, when an employee is off the premises, the word 'actual' engagement has a marked significance as it relates to the liability of the employer for compensation. It does not include a mere personal preparation for work at home, which may include dress as well as meals; nor does it include the journey to the premises to work; nor for the same reason would it include leaving the premises after work either to return home or to prepare one's self to enter a new engagement for the employer, by the performance of extra work.

"Time spent in the work of personal preparation, including the journey to and from, may be in aid of the actual engagement, but it does not, in law, amount to actually engaging in the furtherance of the affairs of the employer."

In Hunter v. American Steel & Wire Co., supra, the Supreme Court said (p. 107) :

"If the employee leaves the premises, his employer is not bound to pay compensation unless the employee was actually engaged in the furtherance of his master's business . . ."

In Knowles v. Parker Wylie Carpet Co., Inc., et al., 129 Pa. Superior Ct. 257, 259, 260, the Superior Court said:

"Ordinarily, when an accident occurs to an employee off the employer's premises, there is no presumption that at the time of the accident he was in the course of his employment. The burden rests upon the claimant to prove,

by competent evidence, that when the accident occurred he was actually engaged in a furtherance of the business or affairs of his employer . . . and that his presence was required there by the nature of his employment. . . .

"To determine whether one is injured in the course of his employment, even though he may be a travelling salesman, consideration must be given to what he was doing at the time of the accident—whether actually engaged in the furtherance of his employer's interests—and all the attending circumstances. The injury must have some connection or be concerned in some manner with the business of the employer, and not be the result of engaging in private affairs disconnected therewith . . ."

In reference to the act done, or intended to be done, off the premises by the employe for the employer, "It must not be an act done for the mere convenience of the employee, but by order of the master, express or implied": Cronin v. American Oil Co., 298 Pa. 336, 341.

Now, the question for determination, according to the foregoing legal principles, is: It appearing that claimant, according to the findings of fact, was, at the time of the accident, off the premises of the Milk Control Commission and making a trip to Harrisburg to see the authorities of the commission about his expense account, alleged to have been incurred by him in the course of the performance of his duties as an employe, was claimant then and there "actually engaged in the furtherance of the business or affairs" of the milk commission?

The claimant was not expressly or impliedly authorized or directed to make the trip. The collection of the amount due the claimant was his personal matter. His getting the money was not essential to the work or functions of the commission. If his receipt of this money was essential to him to buy gas, oil, and accessories for his automobile in the performance of his duties as an employe, so would food and raiment be necessary for him, not only when working but also when not working, at intervals between the hours of his work and preparing for his work.

It has been held frequently that, if an accident happens to an employe off the premises of his employer, but while the employe is going to or from his work, it is not compensable: Kerwin v. Susquehanna Collieries Co., 112 Pa. Superior Ct. 594; Boal v. State Workmen's Insurance Fund et al., 127 Pa. Superior Ct. 237. The duties of claimant requiring him to travel considerably in his district, the cases involving traveling salesmen are specially applicable to this case. In Titus v. S. E. Sostmann & Co. et al., 133 Pa. Superior Ct. 201, claimant, a traveling salesman, had an accident in his home, slipping as he was going downstairs to get a blank form to use in the course of his work, but his doing this work at his home was not under any direction or acquiescence of his employer, and compensation was denied. Again, in Paulin v. Williams & Co., Inc., et al., 122 Pa. Superior Ct. 462, affirmed in 327 Pa. 579, compensation was denied a traveling salesman because, when the accident took place, he was on a matter of personal pleasure and not on any business for his employer. In Boal v. State Workmen's Insurance Fund et al., supra, the employe left the premises and went to his home for lunch and, while returning to his employer's premises, he was injured, and it was held that the employe was not entitled to compensation, but, under another line of cases, such as Blouss v. Delaware, Lackawanna & Western R. R. Co., 73 Pa. Superior Ct. 95, an accident to an employe on the premises while going for his dinner pail was held compensable. In Wilson v. H. C. Frick Coke Co., 268 Pa. 256, compensation was denied because claimant, who had been ordered to appear before his employer's physician for a physical examination on a certain day at a certain place, appeared before the said physician the next day at a different place. In Noga v. Glen Alden Coal Co., 29 Luz. L. R. 307, claimant was injured on his employer's premises while going to the employer's office to secure a due-bill showing the number of coal cars he had loaded, which, under the regulations of the employer, was a necessary preliminary to the

payment of claimant's wages. In the instant case, the trip to Harrisburg was without the direction or authority of the Milk Control Commission, and of the employe's own volition, at his own convenience and expense, in his own automobile, and for his own interests, and the business or affairs of the commission were not furthered, promoted, or advanced to the slightest extent by the expected collection of claimant's expense account.

The findings of fact are all supported by the evidence, and the conclusions of law and the disallowance of the claim naturally result from the application of the principles of the law to the facts so found.

### Order

And now, May 28, 1940, the exceptions filed by appellant with the appeal are dismissed, and the order of the Workmen's Compensation Board, affirming the findings of fact, the conclusions of law, and the order of disallowance of the claim made by the referee, is hereby affirmed. Exception allowed.