Perkiomen Township, Appellant *v.* John T. Hunsberger, Appellee.

Argued October 8, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Franklin H. Spitzer*, with him *Barbara E. Etkind*, of counsel, *Wolf, Block, Schorr and Solis-Cohen*, for appellant.

No appearance for appellee.

OPINION BY JUDGE MENCER, November 24, 1980:

John T. Hunsberger (Hunsberger), 91 years young, was a roadmaster employed by Perkiomen Township (Township). During the month of August of 1978, two of the Township supervisors visited Hunsberger and asked him whether he would be willing to resign his position. Hunsberger refused to resign. On September 1, 1978, the Township informed him by letter that his position as roadmaster would be terminated, effective September 15, 1978.

On September 21, 1978, Hunsberger, by his attorney, wrote to the Chairman of the Board of Supervisors demanding a hearing to determine the propriety of his termination. The Township refused to grant his demand for a hearing. On November 17, 1978, Hunsberger filed an appeal from the denial of a hearing and sought, *inter alia*, a de novo hearing before the Court of Common Pleas of Montgomery County. The Township filed a motion to quash the appeal and, on May 23, 1979, that court refused the motion to quash and remanded the case for a full hearing before the Township's Board of Supervisors. This appeal followed and we reverse.

The issue raised below, and again here, can be stated simply: Could the Township properly terminate Hunsberger as a roadmaster without a prior hearing?

In *Amesbury v. Luzerne County Institution District,* 27 Pa. Commonwealth Ct. 418, 366 A.2d 631 (1976), we held that an employee of a county institution district, who had been given no guarantee of continued employment by statute or contract and was an employee at the will and pleasure of the commissioners of the district, was not entitled to a constitutional due process hearing nor a hearing under the Local Agency Law[1] before dismissal, since she had no property interest in continued employment and her dismissal was not an adjudication.

Here, there is no statutory guarantee of continued employment as Township roadmaster. Indeed, like the statute in *Amesbury,* the statute under which Hunsberger was appointed roadmaster expressly provides for his removal by the Board of Supervisors.

The Second Class Township Code[2] provides, in Section 514, 53 P.S. §65514, in pertinent part, as follows:

The board of township supervisors, immediately after their organization, shall divide the township into one or more road districts. They shall employ a superintendent for the entire township or a roadmaster for each district. Every superintendent and roadmaster, so employed, must be a person physically able to work on and maintain the roads. . . . The superintendent or roadmasters shall be subject to removal by the board of supervisors.

Nor could any guarantee of continued employment have arisen from Hunsberger's claim of a contractual

---

[1] 2 Pa. C. S. §§105, 551-555, 751-754.

[2] Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §65101 et seq.

right to employment through the calendar year 1978 since, at the time of his appointment in 1978, no term was specified.[3] Thus, *Amesbury* controls the instant case.

It is also important that we remain mindful that in this case, unlike in *Amesbury*, Hunsberger was an appointed township officer.[4] As such, his appointment was subject to that portion of Article VI, Section 7 of the Constitution of Pennsylvania which provides: "Appointed civil officers, other than judges of the courts of record, may be removed at the pleasure of the power by which they shall have been apointed."

Our Supreme Court has ruled that, under the above constitutional provision, appointed public officers are removable from office at the pleasure of the appointive power even though the appointments were made for a statutorily fixed term.[5] *Naef v. Allentown*, 424 Pa. 597, 227 A.2d 888 (1967); *Philadelphia v. Sacks*, 418 Pa. 193, 210 A.2d 279 (1965); *Schluraff v. Rzymek*, 417 Pa. 144, 208 A.2d 239 (1965). Accordingly, Hunsberger's removal as roadmaster, without a hearing, at

---

[3] The court below concluded "that for twenty-eight (28) years, Hunsberger was appointed to the position of Roadmaster on a yearly basis and that the duration of his employment [entered into in 1978] was understood as such by both the Township and Hunsberger." The fact that, at the time of appointment in 1977 and 1978, the term of office for Hunsberger's position, which in the past had been one (1) year, was omitted is equally consistent with a conclusion that Hunsberger was not appointed in 1978 to the position of roadmaster on a yearly basis.

[4] Article V of The Second Class Township Code is captioned "Township Officers." Included among the enumerated township officers is the office of roadmaster, whose appointment is provided for by Section 514, and whose duties are detailed in Section 516, 53 P.S. §65516.

[5] If a statutorily fixed term of office must give way to the constitutional provision for removal at the pleasure of the appointive body, it would certainly follow that an allegedly contracted-for tenure must also give way.

the pleasure of the Township Supervisors was constitutionally authorized.[6]

Therefore, for all of the above reasons, we must reverse the remand order of the court below.

Order reversed.

### ORDER

AND Now, this 24th day of November, 1980, the order of the Court of Common Pleas of Montgomery County, under date of May 23, 1979, remanding the appeal of John T. Hunsberger to the Supervisors of Perkiomen Township for a full hearing and refusing Perkiomen Township's motion to quash said appeal, is hereby reversed.

---

[6] The instant case, not involving a statutorily fixed term with staggered expiration dates, does not come under the ruling in *Watson v. Pennsylvania Turnpike Commission*, 386 Pa. 117, 125 A.2d 354 (1956) (presence of the staggered-term provision indicates a legislative intent that the holders of the office are not to be removed at the pleasure of the appointor). *See Commonwealth ex rel. Sortino v. Singley*, 481 Pa. 367, 392 A.2d 1337 (1978).