In Re: Appeal of Robert Z. Miller From the Ruling of the Executive of Hampton Township. Robert Z. Miller, Appellant.

Argued May 7, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*William D. Anthony*, for appellant.

*John R. Orie, Jr., Orie & Zivic*, Hampton Township Solicitor, with him *Arthur J. Murphy, Jr., Meyer, Darraugh, Buckler, Bebenek & Eck*, for appellee.

OPINION BY JUDGE MENCER, July 16, 1981:

Robert Z. Miller (Miller) appeals from an order of the Court of Common Pleas of Allegheny County which quashed his appeal to that court because the

action of the executive of Hampton Township, Allegheny County, discharging him from his public employment did not constitute an adjudication, as defined by 2 Pa. C. S. §101, so as to entitle him to a due process hearing by the officials of Hampton Township and an appeal to court.

On May 21, 1980, the township executive dismissed Miller from his position as head of the Department of Recreation for the Township of Hampton. At Miller's request, the township executive provided him an opportunity to be heard[1] and protest his dismissal. However, the township executive decided not to reinstate Miller, and the dismissal became effective June 9, 1980.

This case is controlled by our holding in *Amesbury v. Luzerne County Institution District,* 27 Pa. Commonwealth Ct. 418, 366 A.2d 631 (1976). There we held that an employee's discharge had to affect a property right in the employment in order to constitute an adjudication requiring a due process hearing under Section 4 of the Local Agency Law.[2]

Thus, we must only determine whether or not the court below was correct in concluding that Miller did not have any property rights in his township position.

Here, as in *Amesbury,* the employee had no statutory or contractual rights granting tenure in his pub-

---

[1] Miller asserts here that, once a hearing is permitted before the township executive, then an appeal under the Local Agency Law, 2 Pa. C. S. §§551-555, 751-754, must be permitted. Miller simply fails to distinguish between a voluntary opportunity to be heard, which involves no adjudication, and a due process hearing affecting personal or property rights, privileges, immunities, duties, liabilities or obligations, following which an adjudication is made.

[2] Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11304, repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429]. A similar provision is now found in Section 553 of the Local Agency Law, 2 Pa. C. S. §553.

lic employment.[3] Thus, Miller was an employee at will, who could be discharged at any time. Accordingly, Miller's status, devoid of any property rights in his employment, made a due process hearing before discharging him unnecessary. *See Perkiomen Township v. Hunsberger*, 55 Pa. Commonwealth Ct. 6, 423 A.2d 13 (1980); *Hoffman v. Montour County*, 50 Pa. Commonwealth Ct. 101, 411 A.2d 1319 (1980); *Hecknauer v. Coder*, 32 Pa. Commonwealth Ct. 308, 379 A.2d 638 (1977).

Order affirmed.

### ORDER

AND Now, this 16th day of July, 1981, the order of the Court of Common Pleas of Allegheny County, dated September 23, 1980, quashing the appeal of Robert Z. Miller from his dismissal as head of the Department of Recreation for the Township of Hampton, is hereby affirmed.

---

[3] Section 524(d) of the Home Rule Charter and Optional Plans Law, Act of April 13, 1972, P.L. 184, *as amended*, 53 P.S. §1-524(d), empowers a township executive, in his discretion, to remove any department head after notice and an opportunity to be heard. Here Miller was provided with both the required notice and an opportunity to be heard. The record fails to disclose that Miller held any contractual rights relative to his employment with Hampton Township.