505 A.2d 1086

Ronald D. Lescalleet, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 3, 1986, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

Thomas L. Wenger, with him, Steven C. Wilds, Wix, Wenger & Weidner, for petitioner.

Richard Faux, Associate Counsel, with him, James K. Bradley, Associate Counsel, and Charles G. Hasson, Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 5, 1986:

When a second class township, pursuant to law, has employed one of the township's supervisors—an elected member of the township governing body—as a road foreman or superintendent for the township, is his work activity in that capacity excluded from the concept of "employment" under the Unemployment Compensation Law, as constituting that of an elected official?

Claimant Ronald Lescalleet has appealed from a decision of the Unemployment Compensation Board of Review which held him ineligible for benefits and subject to a non-fault, non-recoupable overpayment on the ground that his services as a township road foreman or superintendent were those of an elected official.

The board's findings state the undisputed facts, as follows:

1. Claimant was elected in 1978 to a six-year term as a Reading Township Supervisor.

2. In January 1982 claimant was appointed by the township supervisors to the position of road foreman.

3. The township's road foreman is considered an employe of the township for payroll purposes and receives an hourly wage of $5.90. His benefits include a week's paid vacation and health insurance.

4. Claimant lost the May 1983 primary for the supervisor position and left office in January 1984.

5. When the newly elected township supervisors took office in January 1984, they appointed a recently elected supervisor road foreman and informed the claimant he no longer held the position.

Section 1201 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §911, expressly provides that service in the employ of a political subdivision is covered and not excluded from the concept of "employment" under the Law, excepting as set forth in subsection b, " [e]lected officials. "

Although the board erroneously cited a provision of the law which deals with *state* employees, section 1201, pertaining to municipal employees, was apparently the legal basis for the board's determination that the claimant's work in question was excluded from coverage; the board's stated rationale was as follows:

Claimant's position as road foreman was dependent upon the retention of his elected position as township supervisor. Therefore, the Board of Review does not consider claimant's wages to have been earned in employment and he does not qualify to secure compensation.

This court's conclusion is that the board erred as a matter of law because work as a road foreman or superintendent constitutes township employee service legally distinct from service separately performed and separately compensated as an elected official of the township.

Section 510 of The Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §65510, describes the role of the elected township supervisors by stating:

> The general supervision of the affairs of the township shall be in the hands of three registered electors of the township, who shall be styled township supervisions.

Section 516 of the Code, 53 P.S. §65516, lists the road maintenance functions of the "township supervisors, or the supervisors acting as superintendents or road-masters. . . ."

Section 514 of the Code, 53 P.S. §65514, provides:

> The board of township supervisors . . . shall divide the township into one or more road districts. They shall employ a superintendent for the entire township or a roadmaster for each district. Every superintendent and road-master, so employed, must be a person physically able to work on and maintain the roads. Township supervisors may require such super-intendents or roadmasters to give bond . . . for the faithful performance of their duties. The superintendent or roadmaster shall be subject to removal by the board of supervisors. The supervisors shall fix the wages to be paid . . . to the superintendent or roadmasters and laborers for work on the roads and bridges, which wages shall not exceed wages paid in the locality for similar services.
>
> This section shall not prohibit the township supervisors from being employed as superin-tendent or roadmasters, or as laborers, if physically able to work on and maintain the roads. In such cases they shall not employ a superin-tendent or roadmasters and their compensation shall be fixed as hereinafter provided.

Two or more townships may appoint the same person as superintendent.

In this section, the antepenultimate sentence and the last sentence clearly indicate that a road foreman or superintendent may, but need not, be one of the elected township supervisors. *See Perkiomen Township v. Hunsberger,* 55 Pa. Commonwealth Ct. 6, 423 A.2d 13 (1980), involving the employment-at-will status of a township roadmaster who apparently was not a township supervisor.

Section 515 of the Code, 53 P.S. §65515, also indicates that a person functioning in the dual roles of township supervisor and road foreman or superintendent is functioning in two separate capacities. That section provides that township supervisors shall be paid for functioning as governing body members $25 for each meeting, while the township auditors are to fix the compensation of supervisors employed as road superintendents, on either a per hour, per day, per week, semi-monthly or monthly basis.

This court noted the distinct nature of the two capacities in *McCutcheon v. State Ethics Commission,* 77 Pa. Commonwealth Ct. 529, 466 A.2d 283 (1983), by stating:

> Confirming the dual role one may have as a supervisor and an employee, our Superior Court, in Savage v. Mt. Pleasant Township Supervisors, 119 Pa. Superior Ct. 392, 181 A.2d 519 (1935), said that a township supervisor who has been appointed by the board of supervisors as a roadmaster of a road district is not an employee of the township within the compensation act while acting as supervisor, but is an employee of the township while acting as the roadmaster.

77 Pa. Commonwealth Ct. at 532, 466 A.2d at 285.

The separate and distinct legal nature of work as an employed township road foreman and as an elected member of the governing body is unaffected by this claimant's admissions, on his Summary of Interview, that "you are automatically employed" as a road foreman when you are a township supervisor and that he "automatically" lost his job on the road when he lost the election. That description by the claimant, as to the customary pattern in his township, does not amend the statutory foundation for the legal distinctness of the roles nor overrule the decisions of the courts.

When the board concluded that the claimant's position as road foreman "was dependent upon the retention of his elected position as township supervisor," the only supportable import of that conclusion was that the road foreman position was *politically* related to possession of the elected office of township supervisor. The Code's provisions negate any conclusion that the position of road foreman is *legally* dependent upon the retention of the elective office.

Work activity as a township employee in the capacity of road foreman constitutes municipal employment within the coverage of section 1201 of the Law, and is not excluded from it as being the function of an elected official. Logic requires that we recognize that one individual can function separately in each of the two jobs. Obviously, there are many examples of persons serving as elected local or school officials on a part-time basis who also earn their livelihood working in private employment and are clearly entitled to unemployment compensation benefits in the latter capacity.

The board's decision is therefore reversed.

### ORDER

Now, March 5, 1986, the order of the Unemployment Compensation Board of Review, decision No. B-234221, dated September 6, 1984, is reversed.